## The People ex rel. The Singer Manufacturing Co. v. George L. McAllister.

*Capias : In actions on contract: For a tort.* A capias issuing in an action on a contract is irregular, unless it appears from the statement of the cause of action in the affidavit, on which the order to hold to bail is made, that the case is one of those enumerated in §4,119 Comp. Laws.

And, in actions of tort :—the facts and circumstances to establish the tort must be stated in the affidavit. Mere allegations of wrong, which are the deductions of the affiant from states of fact not set forth, will not justify the issuing of a capias.

*Heard and decided October 13.*

Application for certiorari.

On the 21st of July, 1869, the Singer Manufacturing Co. caused a capias to be 'issued out of the Circuit Court for the County of Hillsdale against George L. McAllister in an action of trespass on the case, for receiving as the agent of said plaintiffs, and fraudulently converting to his own use one 'hundred and thirty-eight dollars and ninety-two cents, which came to his possession by · virtue of his employment as such agent. An order to hold to bail was endorsed on the writ, made by John T. Blois, one of the Circuit Court Commissioners for Hillsdale County, upon the affidavit of Homer R. Josselyn alleging :—

That on the 30th day of July, 1866, and on other days between that day and the 1st day of May, 1869, George L. McAllister, late of the city of Hillsdale, in the county of Hillsdale and State of Michigan, had delivered to him, by the said Singer Manufacturing Company, a large quantity of sewing machines, parts of machines, needles, and thread, of great value, to wit of the value of eleven thousand nine hundred dollars of lawful money of the United States, of the personal property, goods and chattels of the said Singer Manufacturing Company, which said goods and chattels were to be sold and disposed of by said George L. McAllister as the agent of the Singer Manufacturing Company

and the proceeds thereof paid to said Singer Manufacturing Company.

That said George L. McAllister at said dates, as the agent of said Singer Manufacturing Company, received said property, goods and chattels, and afterward, and at different times, sold and disposed of the same, and by virtue of such employment received for the same the sum of eleven thousand nine hundred dollars, and fraudulently converted to his own use, without the consent of said Singer Manufacturing Company, of said amount, the sum of one hundred and thirty-eight dollars and ninety-two cents, so being in his possession by virtue of his said employment as such agent, and has hitherto wholly refused to account for or pay over the said sum of one hundred and thirty-eight dollars and ninety-two cents to the said Singer Manufacturing Company, although demand for the same has repeatedly been made upon him."

McAllister was arrested by virtue of the capias, and being in custody, presented a petition to Albert Dickerman, another Circuit Court Commissioner for Hillsdale County, for a writ of habeas corpus; and was by Commissioner Dickerman discharged from custody.

The plaintiffs now file the affidavit of Josselyn, their agent, setting forth the proceedings on the habeas corpus, and move that a writ of certiorari be issued to remove the proceedings into this Court.

*H. M. & W. E. Cheever*, for the motion.

PER CURIAM.

There is a little difficulty, we think, in ascertaining from the papers before us, precisely what is the nature of the action which plaintiffs claim to have brought against the defendant. The defendant, it appears, has been acting as agent for the plaintiffs in the sale of sewing machines,

and has sold to the amount of $11,900. The action is brought for an alleged balance of $138 92 on the sales, for which, it is alleged, he has refused to account, and has fraudulently converted the same to his own use.

If the action is to be regarded as one upon any of the agreements, express or implied, growing out of the contract of agency, it is plain that there was no ground for a capias. The statute ( *Comp. L.* § *4,119* ), authorizes personal actions arising upon contract to be commenced by capias, only to recover damages for any breach of promise to marry, or for moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment. The present is not among the cases enumerated, and therefore, if the action is upon contract, the commissioner was right in discharging the defendant.

Is the action brought for a tort? We take it that in any case where a party claims a right to restrain a citizen of his liberty, it devolves upon him to make out a clear case, bringing himself within some rule of law permitting the restraint.

The papers before us affirmatively show that the cause of action springs from the relation of agency and presumptively is based upon contract. The plaintiff, however, charges the defendant with the fraudulent conversion of a balance due from him as agent. The charge is in the most general words possible, and gives no particulars. It is precisely such a charge as one party might make against another, when the latter refuses to pay over a balance claimed without, as the other believes, a sufficient reason. We have no reason to suppose from these papers that the particular sum of $138 92 in moneys belonging to plaintiffs was in possession of the defendant, and that without right or pretense of right, he has converted it to his own use. On the contrary, the fair inference we think is, that the case is one where the agent, in violation of his contract of agency, has

19 MICH.—B².

failed to pay over a balance due. An action for such a balance is clearly an action on contract, and if the party sees fit to bring one of tort instead, and to cause a capias to be issued, he must make a showing of facts and circumstances to establish the tort, and not content himself with mere general allegations of wrong which are his own deductions from states of fact not set forth, so that the Court is unable to determine whether there is any ground for the deductions or not.

We think there is no ground for a certiorari.

Motion denied.