## THE STATE v. CHARLES A. McLANE.

1. EMBEZZLEMENT—ATTORNEY AT LAW.—Under the penal code (Paschal's Dig., arts. 2421, 2422, 2423) an indictment will not lie against an attorney at law on account of money collected by him as such and not paid over.
2. INDICTMENT.—See an indictment held insufficient for embezzlement or theft.

APPEAL from Atascosa county. Tried below before the Hon. J. A. Ware.

This is an appeal by the State from a judgment sustaining exceptions to an indictment for embezzlement. In the indictment it was charged "that Charles A. McLane, on the 20th day of August, A. D. 1874, in the county of Atascosa, State of Texas, being then and there employed as an agent and attorney at law by one James Bowyer, did, by virtue of his said employment, then and there, whilst he was so employed as aforesaid, receive and take into his possession certain money," * * * "for and in the name and on the account of the said James Bowyer, his, the said Charles A. McLane's, master and employer, and the said money, * * * he, the said Charles A. McLane, did, then and there, fraudulently and feloniously, and without the consent of James Bowyer, his, the said Charles A. McLane's, employer, convert to his own use and embezzle, and so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Charles A. McLane, then and there, in manner and form aforesaid, the said money, the property of the said James Bowyer, his

said employer, from the said James Bowyer feloniously did steal, take, and carry away," &c.

*George Clark, Attorney General,* for the State, cited Com. *v.* Harrison, 11 Mass., 64; People *v.* Allen, 5 Denio, 76; 2 Arch. Cr. Plead., 561, 562, 567, 568.

No brief for appellee.

REEVES, ASSOCIATE JUSTICE.—The statute as to embezzlement of property by private persons, under which this indictment appears to have been found, is limited in terms to any officer, agent, or clerk of any incorporated company or institution, or of any city, town, or county, or any clerk or agent of any private person or copartnership, or any consignee or bailee of money, or property, factor, or commmission merchant, or carrier. (Paschal's Dig., arts. 2421, 2422, 2423.)

The statute does not apply to any other class of officers or persons.

The indictment charges that the defendant, being employed as an agent and attorney at law by James Bowyer, did by virtue of his said employment, then and there, and whilst he was so employed as aforesaid, receive and take into his possession certain money which he embezzled, and not that he was the agent of Bowyer and in that capacity had received the money and embezzled it.

The averment that the defendant was an agent and attorney at law amounts to no more than an allegation that he was such an agent as an attorney at law may be, and not that he was in fact the agent of Bowyer.

It is a well-settled rule that the facts and circumstances constituting the offense, as averred in the indictment, must bring the party indicted within the provisions of the statute. There is no class of persons mentioned in the statute answering the description of agents and attorneys at law. In this respect and in some others the statute is

different from the English statutes to prevent embezzlement, which embrace attorneys or other agents. (2 Russ. on Crimes, 191, 192.)

In the case of the Commonwealth *v.* Libbey, the court said that attorneys authorized to collect demands stand upon a different footing from domestic servants and to some extent different from the case of a special agency where the right of property and the possession continue in the principal, and that an attorney was not an agent in the meaning of the Massachusetts statute as to embezzlement, which statute is confined in terms to agents, clerks, or servants of private persons or copartnerships. (Com. *v.* Harrison, 11 Mass., 64; also The People *v.* Allen, 5 Denio, 76.)

The indictment does not charge the defendant with theft otherwise than by charging embezzlement, and as such it is insufficient to support a charge of theft.

Finding no error in quashing the indictment, the judgment is affirmed.

AFFIRMED.