## *Wayne Circuit.*

### EDWARD WELSH

vs.

### PETER E. McKERRAL,

*Capias ad res.—Contract.*

A Writ of Capias will be quashed on motion where the cause of action is one based upon contract, and not upon tort.

Motion to quash writ.

The writ was issued March 5, 1883, under 2 C. L., sec. 5736, p. 1666; quashed April 24, 1883.

The motion to quash was based upon the following, among other grounds:

Because the facts set forth in the affidavit upon which the writ is issued show that the plaintiff's claim is based upon a contract.

The following is the affidavit upon which the writ was issued:

STATE OF MICHIGAN, } ss.
  WAYNE COUNTY,

Edward Welsh, being duly sworn, says:

That on or about the 28th day of November, 1881, at Detroit, deponent had a conversation with one Peter E. McKerral: that said McKerral knew at the time that deponent was a dealer in wood in Detroit, and that deponent desired to procure wood for his retail trade in said city during the winter they were then entering upon: said McKerral said he could furnish to deponent, and would furnish to him, quantities of beech and maple, for deponent's said trade: he agreed to deliver said wood at Detroit in said county, and to commence said delivery at once and keep the same up according to the usual course of business: that the usual course of business would call for about fifty cords a week: he wanted deponent to accept a draft for three hundred dollars as an advance on said wood: deponent declined to do this for a long time, but finally agreed to do so in consideration of the positive and repeated assurance given him by said McKerral that said wood should be delivered promptly, and enough of it to cover said draft accepted. That after said date and about December, 1881, deponent accepted a draft from said McKerral of which a copy is hereto attached, and paid said draft in full, to wit, three hundred dollars, when the same became due: that the signature to said draft is that of said McKerral: that said acceptance and said payment of said draft were made in reliance upon said assurance of said McKerral that he had said wood, and would furnish the same as afore said:

That said McKerral to this date has furnished no wood to deponent, and has given him nothing for his said three hundred dollars: that he has not communicated with deponent since early in the winter of 1881-2: that during the said winter and during the summer of 1882 said McKerral resided at Chatham, Ont., from whence he was to ship said wood: that in the spring of 1882 said McKerral sold about fifty cords of wood to other parties, and which has been delivered in Detroit.

That during the past six weeks said McKerral has been in Detroit, stopping a part, if not all the time, at Rice's hotel: that deponent has tried to see him at said hotel, but said McKerral avoided him and declined to see deponent.

And deponent further saith that upon the aforesaid facts he has

a good cause of action against said Peter E. McKerral for the said sum of three hundred dollars, as he verily believes.

EDWARD WELSH.

Subscribed and sworn to before me, this 5th day of March, 1883.

JOHN D. CANFIELD,
Notary Public,
Wayne County, Mich.

THE COURT, CHAMBERS J., quashed the writ, holding that the affidavit disclosed a cause of action based upon contract.

The People ex rel. The Singer Manufacturing Co. vs. McAllister, 19 Mich., 215.

*Theo. S. Trombly,* attorney for plaintiff.
*Atkinson & Atkinson,* of counsel.
*M. E. Dowling* for defendant.