## THE PEOPLE v. EUGENE M. CONVERSE.

*Criminal law—Embezzlement by attorney.*

1. If an attorney at law collects money for his client, he acts in so doing as his agent as well as his attorney; and in *either* case if, after making the collection, he appropriates the money to his own use, with the intention of depriving the owner of the same, he is guilty of the crime of embezzlement.

2. Where a respondent was informed against for the embezzlement of money alleged to have been received by him in the course of his employment as *agent* of the owners, and pleaded that as an *attorney at law* he was guilty of embezzlement of a *less* sum collected and received by him, less his reasonable fees as such attorney for making the collection, such plea amounts to a plea of guilty as charged.

Error to Calhoun. (Hooker, J.) . Argued January 29, 1889. Decided April 19, 1889.

Respondent was convicted of embezzlement, and sentenced to State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*John C. Patterson,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *Herbert E. Winsor,* Prosecuting Attorney, for the people.

[The points of counsel are stated in the opinions.— REPORTER.]

SHERWOOD, C. J.   The respondent was informed against in the county of Calhoun for the crime of embezzlement. The information is as follows:

   " *The Circuit Court for the County of Calhoun.*
   " Herbert E. Winsor, prosecuting attorney for the county of Calhoun, aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the December term thereof, A. D. 1887, and gives it here to understand and be informed that Eugene M. Converse, late of the city of Battle Creek, in the county of Calhoun and State of Michigan, heretofore, to wit, on the twenty-eighth day of July, in the year one thousand eight hundred and eighty-five, at the city of Battle Creek, in said county of Calhoun and State of Michigan, being then and there agent to John E. Dunning and Daniel W. Hall, the executors of the last will and testament of Rice Hall, deceased, and being then and there the agent of them, the said John E. Dunning and Daniel W. Hall, executors of the last will and testament of Rice Hall, deceased, and not being then and there an apprentice nor other person under the age of sixteen years, did by virtue of his said employment then and there, and whilst he was such agent as aforesaid, receive and take into his possession certain moneys to a large amount, to wit, to the amount of four thousand dollars, of the value of four thousand dollars, of the property of the said John E. Dunning and Daniel W. Hall as such executors, and which said money came to

the possession of the said Eugene M. Converse by virtue of said employment, and the said money then and there fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said John E. Dunning and Daniel W. Hall, as such executors as aforesaid, his said employers, and that so the said Eugene M. Converse did then and there, in manner and form aforesaid, the said money, the property of the said John E. Dunning and Daniel W. Hall, as executors as aforesaid, his said employers, from the said John E. Dunning and Daniel W. Hall, as such executors as aforesaid, feloniously did steal, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

On being arraigned, the respondent pleaded to the information as follows:

"As an attorney at law, I am guilty of embezzlement of thirty-five hundred ($3,500.00) dollars; that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money."

Upon filing the foregoing plea, the circuit judge directed the following entry to be made:

"THE PEOPLE OF THE STATE OF MICHIGAN v. EUGENE M. CONVERSE.

"Eugene M. Converse, the respondent in this cause, having been duly arraigned at the bar in open court, and the information being read to him by Herbert E. Winsor, prosecuting attorney, pleaded thereto 'guilty of the embezzlement of money to the amount of three thousand five hundred dollars.'"

And thereupon, after the court had made the usual private examination of the respondent required by statute, after a plea of guilty, Converse was sentenced to five years' imprisonment at hard labor at Jackson. Subsequently, under the direction of this Court, the entire plea made by the respondent when arraigned was incorporated in the record at the circuit, and then respondent removed the record into this Court for review.

He assigns as error, among others, that—

"1. There is no sufficient plea in said cause to form a legal basis for the judgment rendered therein.

"2. The judgment is for a felony, and the plea is for a misdemeanor only, and the judgment is broader than the plea, and the penalty imposed is unauthorized by the plea and statute.

"3. The judgment against the defendant is for embezzlement in the capacity of agent, and the defendant never pleaded guilty of such crime, and he has never been convicted of such crime by a jury."

It is strongly urged by counsel that the information charges the respondent with embezzling $4,000 while acting in the capacity of agent for the owners, while in fact he only confessed himself guilty by his plea of collecting the money as an attorney at law, and of refusing to pay it over to the owners, less his fees for collecting. There is no question but that the information charges the respondent with the crime of embezzlement. It was to this charge, when arraigned, he was called upon to plead. He pleaded guilty of embezzlement. He is a lawyer, and knew the meaning of the word "embezzlement," and I think there can be no doubt but that he understood when he made his plea that he was pleading guilty to the felony charged. That such was the fact seems to have been verified by the private examination required by statute to be made by the circuit judge before sentencing upon a plea of guilty, and which is shown to have been made in this case. To hold otherwise would be an impeachment of the intelligence of both the prisoner and the court. That the respondent collected the money as attorney is of no consequence. If the act of the respondent complained of contained all the elements of embezzlement, he was guilty of the crime, and was properly convicted.

74 MICH.—31.

If an attorney collects money for his client, he in so doing acts as the agent of his client as well as his attorney; and in either case, if, after making the collection, he appropriates the money to his own use, with the intention of depriving the owner of the same, he is guilty of the crime of embezzlement. If this were not so, no attorney could be convicted of the embezzlement of his client's money, and this was certainly never the intention of the Legislature in passing the statute creating the crime.

I think the conviction in this case was warranted by the plea of the respondent, and that the judgment should be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred with SHERWOOD, C. J.

CAMPBELL, J., *(dissenting)*. Respondent was charged by information with the offense of embezzlement as an agent, not being an apprentice nor other person under the age or 16 years, of money which came into his possession as such agent, and he converted, whereby he was guilty of larceny. This prosecution was under section 9151, How. Stat., which punishes the embezzlement by such an agent of money or property coming into his hands in that capacity as larceny. When arraigned the defendant pleaded neither guilty nor not guilty, but made a statement which the circuit court treated as a plea of guilty. Under an order of this Court the record below was corrected so as to show precisely what respondent did say, and the sentence is now before us on the error assigned, that it did not amount to a plea of guilty of the offense charged, and did not authorize any sentence without trial, and especially did not justify the sentence given.

The answer by respondent to the arraignment was in these words:

"As an attorney at law, I am guilty of embezzlement of thirty-five hundred ($3,500.00) dollars; that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money."

If we were acting as censors of morals, we could not hesitate to say that respondent's act was as wrong in character as the act charged in the prosecution. But no one can be lawfully sentenced unless convicted on trial or plea of guilty of the precise crime alleged. The embezzlement made punishable by section 9151 is made larceny because differing from common-law larceny only in the absence of an original felonious taking. It covers what if taken without authority would be the subject of larceny. It is "money or property" which comes into the possession or is under the charge of the agent as belonging specifically to the principal. It is not applicable to fraud or breach of trust, where there is no ownership in the employé of specific property or funds, and where the wrong done consists in failure to account and pay over what is or may be only a part of some other sum collected officially and due on such accounting. That sort of malversation is embezzlement, but, as there is no punishment at common law for embezzlement as such, each class of cases is governed by express statute, and must come within some specific regulation. Section 9151 imposes no penalty on the embezzlement, which it makes criminal, and it is only because it is declared larceny that any punishment is ascertainable. The punishment, therefore, is governed by the value of the theft, and may be greater or less. The amount involved on the record made it a State prison offense. A smaller amount would have brought a less liability.

The only statute which covers the failure to pay over

balances by attorneys applies to collections in such capacity, and the offense is not made out until a demand has been made and refused or not complied with. Section 9152. This offense has been made a misdemeanor, and not a felony, and is made punishable in the same way without reference to the amount, so far as imprisonment is concerned, by imprisonment not more than a year. A fine of not more than four times the amount retained may be added or substituted. Under section 9151, cases may arise within the jurisdiction of a justice of the peace. In *People v. Donald*, 48 Mich. 493 (12 N. W. Rep. 669), this was pointed out as depending on value. Under section 9152, a justice can have no jurisdiction. The distinction is made in several cases between such embezzlement as is made larceny and that which involves an accounting on demand or under some legal requirement. These provisions have been adopted from time to time, and have attached different consequences to the crimes, although such a construction as is insisted on here by the prosecution would make several of them mere repetitions. In the case of *People v. Tryon*, 4 Mich. 665, section 9152 was involved, and the judgment was reversed because the indictment did not distinctly show the relationship of attorney and client as existing between the parties concerned. In the absence of section 9152, the failure by an attorney to pay over balances would be nothing more than a breach of contract. The law has been on our statute book in one way or another a long time. The non-imprisonment act of 1839 allowed arrest "for moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment." It was held in *Bronson v. Newberry*, 2 Doug. 38, that this provision only reached persons actually employed by reason of professional character, and did not reach persons having no such position, although doing similar work.

The same rule was applied in *Pennock v. Fuller*, 41 Mich. 153 (2 N. W. Rep. 176). And in *People v. McAllister*, 19 Mich. 215, where the charge made in an affidavit for *capias* showed the receipt of large sums of money by an agent on sales, and the refusal to account for and pay over a balance of between one and two hundred dollars, it was held that the showing was for no more than a breach of contract, and would not sustain an action of tort.

The legislation of this State, civil and criminal, has kept separate professional misconduct and violations of duty as agents, and there are readily ascertainable reasons for so doing in the differences which may honestly arise on questions of compensation and accounting. It is never safe to let considerations of the hardship or demerit of a single case destroy distinctions which are expressed in the law. It is an easy matter to amend statutes, but it is not the business of courts to change the legislative meaning. The act confessed by respondent was not a felony, and the information was for a felony. The plea was not a plea of guilty under the information, and, when the prisoner failed to plead to what he was charged with, he should have been put upon his trial. Our practice does not allow special pleas on the merits. The only special pleas in bar relate to former proceedings. A plea of guilty outside of the record is no plea, and cannot support a conviction. Its peculiar form should have drawn attention to it.

The judgment should be reversed, and the prisoner discharged from State prison.