*In re* CONVERSE.

*(Circuit Court, E. D. Michigan. March 10, 1890.)*

ATTORNEY AT LAW—EMBEZZLEMENT—CONSTRUCTION OF STATUTE BY STATE COURT—HABEAS CORPUS.

Petitioner was arraigned in the state court under a general statute punishing the crime of embezzlement. He pleaded that "as attorney at law" he was guilty of embezzling $3,500, "that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money." There was another statute punishing the failure by attorneys at law to pay over moneys collected and received by them. Petitioner was sentenced upon his plea of guilty as for the crime of embezzlement, and, upon a writ of error to the supreme court, that court held that an attorney at law might be convicted of embezzlement under the general statute. *Held*, that this construction of the statute was binding upon the federal court, and that petitioner was not entitled to be discharged upon *habeas corpus*.

*(Syllabus by the Court.)*

*Habeas Corpus.*

This was a petition for a writ of *habeas corpus* based upon the following facts: Petitioner was arraigned upon an information in the circuit court for the county of Calhoun, charging him with embezzlement, he

"being then and there, agent to John E. Dunning and Daniel W. Hall, the executors of the last will and testament of Rice Hall, deceased." Upon such arraignment petitioner pleaded to the information in the following language: "As an attorney at law, I am guilty of embezzlement of $3,500, that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money." Thereupon the court, having made the usual private examination of the accused required by statute after a plea of guilty, sentenced him to five years' imprisonment, in pursuance of section 9151, How. St., which provides that "if any clerk, agent, or servant of any private person * * * shall embezzle, * * * without consent of his employer or master, any money or other property of another, which shall have come to his possession, or shall be under his charge, by virtue of such office or employment, he shall be deemed, by so doing, to have committed the crime of larceny." The next succeeding section (9152) provides that "if any attorney at law * * * shall collect or receive in such capacity, any money belonging to another, and shall neglect or refuse to pay the same to the person entitled thereto, within a reasonable time after demand thereof, the person so neglecting or refusing shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by imprisonment in the county jail not more than one year." Petitioner claims that as the information was framed under section 9151, for the crime of embezzlement by an agent, and he had pleaded guilty to the offense of withholding money which he had collected as attorney at law, which was only a misdemeanor under section 9152, his sentence was illegal, and his imprisonment without due process of law.

*John C. Patterson,* for petitioner.

*Herbert E. Winsor,* Pros. Atty., for the People.

BROWN, J. Petitioner claims to be held in confinement in violation of the fourteenth amendment to the constitution of the United States, which declares that no state shall "deprive any person of life, liberty, or property without due process of law," and demands the interposition of this court under Rev. St. § 753, which extends the right of *habeas corpus* to every person held in custody "in violation of the constitution, or of a law, or a treaty of the United States." This jurisdiction, which requires of us to pass upon rulings made by state courts in cases not only within their cognizance, but within their exclusive jurisdiction, is one we would gladly disclaim, if it were within our power, and, so far as it is a matter of discretion, we have uniformly refused to exercise it, until the petitioner has exhausted his remedy in the state tribunals by an appeal to the supreme court. This discretion was declared by the supreme court to exist in *Ex parte Royall,* 117 U. S. 249, 6 Sup. Ct. Rep. 734. In this case, however, the petitioner has been refused relief by the supreme court of the state, and we do not feel at liberty to deny him the right to inquire of us whether his imprisonment was imposed by due process of law, or by the arbitrary and unauthorized act of the state court.

We suppose it will not be questioned that if a party should be sentenced without a trial, upon a plea of not guilty, the constitutional provision would be violated. So, if he were arraigned for one crime, and should plead guilty to another,—as, for instance, if he were charged with burglary, and should plead guilty to larceny,—it would be a plain abuse of power to sentence him either for the burglary to which he did not plead guilty, or for the larceny for which he had not been indicted. Upon the other hand, if he were indicted in general words, and he pleaded guilty to a particular crime, falling within those general words, it would not be illegal to sentence him under the indictment. As, for example, if he were indicted for embezzlement as "an officer of a bank," and he pleaded guilty of embezzlement as "cashier" of such bank, in such case his description of himself would fall clearly within the general words of the indictment, and his plea would only render it more certain that he did commit the offense charged, and the sentence upon such plea would not be illegal; nor would it change the aspect of the case if it were shown that the offense of embezzlement by a cashier was provided for in a separate statute. In other words, it is no defense to an indictment under one statute that the prisoner might also be punished under another.

In this case the prisoner was charged with embezzlement as the "agent" of Dunning and Hall, executors of the last will and testament of Rice Hall, deceased, and pleaded guilty of "embezzlement of $3,500 as an attorney at law, that being the amount collected and received by me, less my reasonable fees as such attorney for collecting the money." Another statute provided a different punishment for the receipt and retention of money collected by an attorney at law after demand is made for the same. The question, then, which confronted the court, was whether an attorney at law is an "agent," within the meaning of the first statute, and can be punished as such for embezzlement in failing to pay over moneys collected and received by him in his capacity as attorney at law. This question was answered in the affirmative, Mr. Justice CAMPBELL dissenting. Mr. Justice SHERWOOD, in delivering the opinion of the court, observes:

"That the respondent collected the money as attorney is of no consequence. If the act of the respondent complained of contained all the elements of embezzlement, he was guilty of the crime, and was properly convicted. If an attorney collects money for his client, he, in so doing, acts as the agent of his client as well as his attorney; if in either case, after making the collection, he appropriates the money to his own use with the intention of depriving the owner of the same, he is guilty of the crime of embezzlement. If this were not so, no attorney could be convicted of the embezzlement of his client's money, and this was certainly never the intention of the legislature in passing the statute creating the crime." *People* v. *Converse*, 42 N. W. Rep. 70.

In other words, the learned court construes the statute as covering an embezzlement by an attorney at law. Now, while this opinion may perhaps be against the weight of authority, which seems to hold that the word "agent" in this statute has no application to auctioneers, (*Com.* v. *Stearns*, 2 Metc. 344,) collectors of bills, (*Com.* v. *Libbey*, 11 Metc. 64,)

to solicitors·intrusted by clients with money to invest upon mortgage, (*Queen* v. *Newman*, 8 Q. B. Div. 706; *Regina* v. *Cooper*, L. R. 2 Cr. Cas.· 123,) or to attorneys at law, (*State* v. *McLane*, 43 Tex. 404,) still it is a construction placed by the supreme court of the state upon a statute of such state, and is as binding upon this court as if the opinion were. pronounced in an ordinary civil suit. As the prisoner di ', in fact, plead guilty to embezzlement as an attorney at law, and as the court has held that such offense did fall within the statute, there has been no violation of the constitutional provision, and the petition must be denied.