[No. 1520.  Decided July 13, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILIP M. ISENSEE, *Appellant*.

#### EMBEZZLEMENT BY MUNICIPAL OFFICER.

Where a public officer charged with the custody of public funds misappropriates and embezzles the same, he may be prosecuted either under § 55 of the Penal Code, which provides that "if any agent, clerk, officer, servant, or person to whom any money or other property shall be intrusted, with or without hire, shall fraudulently convert same to his own use, or shall fail to account to the person so intrusting it to him, he shall be deemed guilty of larceny," or under § 57, Penal Code, which provides that "if any state, county, township, city, town, village or other officer elected or appointed under the constitution or laws of this state shall, in any manner not authorized by law, use any portion of the money intrusted to him for safe keeping, in order to make a profit out of the same, or shall use the same for any purpose not authorized by law, he shall be deemed guilty of a felony." (GORDON, J., dissents).

Although an indictment drawn under Penal Code, § 57, charging a city treasurer with using money intrusted to him as such officer for an unauthorized purpose, may charge the defendant with the crime of larceny, it is sufficient when it sets out the commission of the acts whereby he has unlawfully and fraudulently appropriated the money.

*Appeal from Superior Court, Whatcom County.*

*Fairchild & Rawson,* and *Black & Leaming,* for appellant.

*G. V. Alexander,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was city treasurer of the city of New Whatcom, Wash., at the time he was arrested on the indictment contained in the transcript herein.  The indictment was substantially as follows:

"And said Philip M. Isensee, as such treasurer aforesaid, was charged with the duty of receiving and safely keeping all moneys coming into his hands as such officer and city treasurer; and the said Philip M. Isensee, as such officer and city treasurer of said city of New Whatcom, as aforesaid, was then and there intrusted with, and did then and there have in his hands, possession, custody, and control, by virtue of his said office as city treasurer aforesaid, certain public money, to-wit: the sum of $60,000 of lawful money, the same being money and property of the said city of New Whatcom, and of the value of $60,000 in lawful money; and the said Philip M. Isensee did then and there, wickedly and unlawfully, fraudulently and feloniously, take, misapply, embezzle, appropriate and convert to his own use said $60,000, with the care, custody and control of which he, the said Phillip M. Isensee, as such officer and city treasurer, was then and there so as aforesaid intrusted," etc.

The appellant was arrested and arraigned, and demurred to the indictment on the grounds (1) that it did not substantially conform to the requirements of the code of the state of Washington; (2) that more than one crime was charged in the indictment; and (3) that the facts charged in the indictment did not constitute a crime. The demurrer was overruled. The state presented its testimony in support of the charge, and the defendant was found guilty. Judgment was rendered, and sentence pronounced, from which judgment the appellant appeals to this court.

The only question raised here is as to the sufficiency of the indictment. It is insisted by the appellant that this indictment is not good under § 55 of the Penal Code, for the reason that said section does not contemplate in its provisions a municipal officer. This section is as follows:

"If any agent, clerk, officer, servant, or person to whom any money or other property shall be intrusted,

with or without hire, shall fraudulently convert to his own use, or shall take and secrete the same with intent fraudulently to convert the same to his own use, or shall fail to account to the person so intrusting it to him, he shall be deemed guilty of larceny," etc.

And it is insisted that it was not the intention of the legislature that this statute should apply to officers of municipal corporations. The statute itself does not undertake to define or restrict the word " officer; " and we do not know by what authority or by what rule of construction the court would be warranted in announcing that the word " officer," as employed in the statute, referred to one character of officers more than another. We are not informed by the appellant what particular officers, in his judgment, are covered by the statute. He is content to insist that *he* does not fall within its contemplation. It is doubtful if a defaulting officer could be found who thought the statute covered his particular case. We are willing to accept the theory of the appellant, as enunciated by Chancellor KENT, " that, in the exposition of the statute, the intention of the lawmakers will prevail over the literal sense of the terms, and its reason and intention will prevail over the strict letter." This rule will prevail when there is an evident conflict between the intention of the lawmakers and the literal sense, and between the reason and intention and the strict letter of the law; but it is not pointed out to us, in any satisfactory way at least, that there is any such conflict here. There seems to be no good reason why the legislature should not have had in mind the treasurer of a county or of a municipality when it used the word " officer," as well as any other officer which we can conceive of; and it certainly would have been a reasonable intention on its part to include this par-

ticular officer who is particularly subjected to the temptation of violating this statute; and .we do not think that it is the duty of courts to hunt for reasons to limit the scope of the law, when the result of such limitation is to aid embezzlers of public funds to evade their responsibilities, and escape punishment for a violation of their trusts.

In Kansas, under a statute (Gen. Stat. § 2220) which provides that if any clerk, apprentice, or servant of any private person or of any copartnership, or if any officer, agent, clerk or servant of any corporation, or any person employed in such capacity, shall embezzle, etc., he shall be punished, etc., it was held that a county treasurer was an officer contemplated by such statute. The court in that case noticed the argument of the defense that the law provides that the embezzlement must be without the assent of the employer, and that the treasurer is not the employe of any one; and even if it should be held that the county was his employer, it could not in any way assent to an unlawful appropriation of its funds. But the court notwithstanding this argument, decided, in an able opinion, that a county treasurer was within the meaning and intent of the statute; that the treasurer was an officer contemplated by the statute; and that the county was an incorporation and an employer not assenting to an unlawful appropriation of its funds. It is laid down by Bishop, Crim. Law, § 336, that it is possible for an officer of a corporation to be also its agent, servant, or clerk by virtue of his office. Thus, in England, if, pursuant to a statute, the inhabitants of a parish elect an assistant overseer of the poor and define his duties, and if he is then appointed to the office by warrant from two justices of the peace, as the statute also directs, and then appropriates to his own use moneys

17 — 12 WASH.

received in his office, he may be regarded as a servant of the inhabitants of the parish, and be convicted of the embezzlement. Under the doctrine announced in *State v. Smith*, 13 Kan. 274, and indorsed in Bishop, Stat. Crimes, p. 212, the appellant is an "officer" within the meaning of § 55 and the city of New Whatcom is " a person intrusting," etc., within the meaning of said section. But, whether the indictment is good under § 55 or not, it certainly is under § 57, which provides that:

"If any state, county, township, city, town, village, or other officer elected or appointed under the constitution or laws of this state . . . shall in any manner not authorized by law, use any portion of the money intrusted to him for safe keeping, in order to make a profit out of the same, or shall use the same for any purpose not authorized by law, he shall be deemed guilty of a felony."

It is insisted by the appellant that this indictment was drawn under § 55, and that for that reason the appellant should not be called upon to answer under the provisions of § 57. There is nothing in the record, except the indictment itself, to indicate under what section it was drawn, and we think it sufficiently charges a crime under § 57. It is true that the indictment charges the appellant with the crime of larceny, but with the name of the crime the appellant has no concern. He is charged with the commission of certain acts. These acts are specifically set forth in the indictment, and he is notified just what he has to defend against, viz., he is notified that he has unlawfully and fraudulently appropriated and converted to his own use $60,000, described in the indictment. The charge is brought home to him by the statement of facts, so that he cannot mistake his defense. Whether it be called larceny or embezzlement can be of little aid to

him in preparing his defense to the acts charged. The law intends to throw around every person who is charged with crime all the safeguards necessary to protect him from surprise, and to prevent him from being misled to his peril; but certainly it was not the intention of the law and is not the province of the courts to allow officers who are intrusted with public funds to plunder the funds so intrusted to them, and to escape answering on the merits, by raising technical objections, which tend to prevent an honest investigation of the crime charged.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J.—I think the indictment is good under § 55 of the statute, and I therefore concur in the result.

GORDON, J., dissents.