[No. 2350.   Decided October 21, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. C. O.
DOWNING, *Appellant*.

EMBEZZLEMENT BY PUBLIC OFFICER — INFORMATION — INSTRUCTIONS.

An information charging one as having received by virtue of his
office as county clerk a sum of money belonging to the county,
which he unlawfully, knowingly, fraudulently and feloniously took
and converted to his own use and embezzled, is sufficient to charge
a crime under the provisions of § 57, Penal Code.

Where a prosecution of a public officer for the embezzlement of
public funds is had under Penal Code, § 57, making the offense a
felony, an instruction to the jury based on that theory is not
erroneous, although another statute may provide for the punish-
ment of such acts as misdemeanors.

Appeal from Superior Court, Spokane County.—
Hon. NORMAN BUCK, Judge.   Affirmed.

*Griffitts & Nuzum*, and *Henley & Kellam*, for appel-
lant.

*J. W. Feighan*, Prosecuting Attorney, for The State.

*Per Curiam:*—The information upon which appel-
lant was convicted in the superior court is as follows:

"That on, to-wit: the 19th day of December, A. D.
1894, the said C. O. Downing was the duly elected,
qualified and acting county clerk in and for the
county of Spokane and state of Washington, and the
ex-officio clerk of the superior court in and for said
county and· state, and, as such county clerk and ex-
officio clerk of the superior court was not allowed by law
to be paid or to receive any money, fees or compensa-
tion for his services as such county clerk and ex-officio
clerk of the superior court, except the salary provided
and allowed to be paid him by law as such county
clerk and ex-officio clerk of the superior court.

" That, as such county clerk it became and was the

duty, imposed by law, to receive certain moneys, fees and deposits, by virtue of the said office; and, that on said 19th day of December, A. D. 1894, at the county of Spokane and state of Washington, the said C. O. Downing, then and there being, did receive and there was paid to him as such county clerk and ex-officio clerk of the superior court, and by virtue of said office, the sum of seventy-two and 35-100 dollars ($72.35), lawful money of the United States of the value of seventy-two and 35-100 dollars ($72.35). Which said prosecuting attorney is unable more particularly to describe.  The same being money, fees, charges, fines and deposits in the case of *The State of Washington v. C. E. Bartholomew.*  Which said money, fees, charges, fines and deposits were paid to him, the said C. O. Downing, as county county clerk and ex-officio clerk of the superior court, and should have been paid and delivered to the treasurer of Spokane county by him, the said C. O. Downing, on the first Monday of January, 1895, according to law.

"That said C. O. Downing, as such county clerk and ex-officio clerk of the superior court, having received the said sum of seventy-two and 35-100 dollars ($72.35) as aforesaid, at and in said county and state as aforesaid, then and there being, did then and there, on the said 19th day of December, 1894, aforesaid, unlawfully, wilfully, knowingly, fraudulently and feloniously fail and refuse, and still fails and refuses to pay the said sum or any portion thereof to the county treasurer as required by law, but unlawfully, wilfully, knowingly, fraudulently and feloniously did take, convert to his own use and embezzle the said sum of seventy-two and 35-100 dollars ($72.35), received by him as aforesaid.

"That said sum embezzled as aforesaid was the money and property of the county of spokane and state of Washington."

1. It is urged as ground for reversal that the court erred in overruling appellant's demurrer.  Counsel for the appellant, in a very able and exhaustive brief,

urge that the information is insufficient to charge an offense under § 2 of the act of March 9, 1893 (Session Laws, p. 184), making it embezzlement for any county officer to whom a salary is paid to fail to pay to the county treasury all sums which shall come into his hands for *fees and charges in his office.* Also, that it does not charge an offense under § 57 of the Penal Code (vol. 2, Hill's Code), which is as follows :

" § 57. If any state, county, township, city, town, village, or other officer elected or appointed under the constitution or laws of this state, court commissioner, or any officer of any court, or any clerk, agent, servant or employee of any such officer, shall, in any manner not authorized by law, use any portion of the money intrusted to him for safe-keeping, in order to make a profit out of the same, or shall use the same for any purpose not authorized by law, he shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned in the penitentiary not less than one nor more than ten years."

Singularly enough, counsel for the appellant as well as for the state have overlooked the decision of this court in *State v. Isensee,* 12 Wash. 254 (40 Pac. 985), which we think is directly in point. The defendant in that case was city treasurer of the city of Whatcom, and the information charged him with receiving into his possession, custody and control by virtue of his office sixty thousand dollars of the money and property of said city, which money he "unlawfully, fraudulently and feloniously did misapply, embezzle, appropriate and convert to his own use." This court held that the information in that case was sufficient under § 57, *supra,* and being satisfied with the conclusion there reached, it follows upon the authority of that case that no error was committed in overruling the demurrer herein. And for the same reason it was

not error for the court to give instruction number three.

Exception was taken to the giving of the following instruction to the jury :

"The court instructs you that all fines imposed upon any person by the provisions of the laws of this state, where the same shall be collected, shall be paid to the county treasurer of the county; and if the jury find that the defendant in this case received by virtue of his office the sum of $72.35 as charged in the information, as a fine and costs, and that the defendant failed to pay said sum over to the county treasurer, but retained the same with the intention to convert it to his own use, and did convert the same to his own use, the jury will find the defendant guilty as charged in the information."

Section 1335, Code Proc. (vol. 2, Hill's Code), provides that —

"All fines imposed on any person by the provisions of this code, where the same shall be collected, shall be paid to the county treasurer of the county where such conviction shall have been had, to go into the general county fund. The county treasurer shall give duplicate receipts therefor, one of which shall be filed with the county auditor; and all officers refusing or neglecting to pay over any fines within one month after they shall have been received shall, upon conviction thereof, be fined in fourfold the amount of such fines so received;"

and it is insisted that the instruction complained of is erroneous for the reason that the penalty provided for a failure or neglect to pay over to the county treasury any fines under § 1335 is punishable as a misdemeanor only and not as a felony, but we repeat that the prosecution in this case is under § 57 and that the defendant is charged with something more than a mere failure to pay over moneys to the county

treasurer within a month after their receipt. He is charged here with using them in a manner and for a purpose not authorized by law, namely, with "unlawfully, wilfully, knowingly, fraudulently and feloniously converting the same to his own use." No error appearing of record, the judgment and sentence will be affirmed.