31  111
]35  50

[No. 4560.    Decided February 20, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES G. RABY, *Appellant*.

EMBEZZLEMENT — SUFFICIENCY OF INFORMATION — ALLEGATION OF AGENCY.

Under Bal. Code, § 7119, which provides that, if any agent clerk, officer, servant, or person to whom any money or other property shall be intrusted, with or without hire, shall fraudulently convert the same to his own use, he shall be guilty of larceny, an information sufficiently charges the crime of larceny

by embezzlement, where it charges that defendant, as county auditor, received a county warrant, the property of · another which was intrusted to him by virtue of his office, and which he afterwards fraudulently and feloniously converted to his own use.

SAME — SUBJECT OF LARCENY — UNDELIVERED COUNTY WARRANT.

A warrant drawn by a county auditor and placed upon the files of the office, pursuant to the order of the commissioners upon an approved claim against the county, is a thing of value although never having been delivered to the proper owner.

Appeal from Superior Court, Whitman County.—Hon. STEPHEN J. CHADWICK, Judge. Affirmed.

*Thomas Neill,* for appellant.

*R. J. Neergaard,* Prosecuting Attorney, for the State.

The opinion of the court way delivered by

DUNBAR, J.—The information upon which the verdict in this case was rendered is as follows:

"Comes now R. J. Neergaard, prosecuting and county attorney for the county of Whitman, state of Washington, the superior court being in session and the grand jury of said county not being in session, and by this, his information, accuses Charles G. Raby of the crime of larceny committed as follows, towit: That the said Charles G. Raby in the county of Whitman, in the state of Washington, on the 29th day of November, 1901, was then and there duly elected, qualified and acting county auditor of said Whitman county, state of Washington, and had. been said county officer from and after the 7th day of January, 1901; that on the 18th day of October, 1901, in said county and state, he, the said Charles G. Raby, by virtue of his said position and office of county auditor, as aforesaid, did receive and take into his possession and have intrusted to him a certain county warrant for the sum and of the value of seventeen hundred and fifty-three dollars, which said county warrant was issued by order of the board of county commissioners of said Whitman county

by the said Charles G. Raby, county auditor, as afore-
said, on the said 18th day of October, 1901, wherein and
whereby the treasurer of said Whitman county was
directed to pay to the American Bridge Company, or
order, the sum of $1,753, out of the road and bridge fund
of said Whitman county, Washington, which said county
warrant so intrusted to him, the said Charles G. Raby as
county auditor aforesaid, is in substance and effect and
in the words and figures following, towit:

" 'No. 2049.     Colfax, Washington, Oct. 18, 1901.
" 'To the Treasurer of Whitman County, Washington:

" 'You are directed to pay to American Bridge Co., or
order, seventeen hundred and fifty-three and No-100
dollars, ($1,753.00) out of the Road and Bridge Fund of
Whitman county, Washington, for balance contract price
on Palouse Bridge.  If not paid when presented for pay-
ment this warrant shall bear interest thereafter at the rate
of seven per cent per annum until called.

" 'Issued by order of the Board of County Commis-
sioners.                                    " 'C. G. Raby,
     (SEAL.)                           " 'County Auditor.
" 'By F. O. Williams, Deputy.'
"Indorsed on face:
" '654.
     " '38753 Vouchers Treasurer's Report Jan. 6, 1902.
     " 'Paid Nov. 29, 1901, Whitman County,
                         " 'W. J. Windus, Treasurer.'
"Cut in warrant with perforating stamp:
" '$1753.'
"Indorsed on back:
" 'American Bridge Co.  American Bridge Co.'  By
C. G. Raby, County Auditor.'
"For check:
" 'Check No. 9075 to C. G. Raby, Auditor.'
The same then and there being the property of the said
American Bridge Company, a foreign corporation, then
and there duly authorized to transact business in this
state; and afterward, towit, on the 29th day of Novem-
ber, 1901, in the said Whitman county, state of Washing-

ton, the said Charles G. Raby did then and there, fraudulently and feloniously convert the said county warrant to his own use, and so did then and there in manner and form aforesaid, the county warrant, the property of the said American Bridge Company, from the said American Bridge Company feloniously steal, take and carry away; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

A demurrer was interposed to the information, which was overruled, the case proceeded to trial; the jury returned a verdict of "Guilty as charged," and the defendant was sentenced to eight years in the penitentiary. From this judgment and sentence appeal was taken.

It is assigned that the court erred in overruling defendant's demurrer to the information, for the reason that the essential element of the crime of embezzlement is the existence of a trust or some fiduciary relationship or confidence reposed; that the statute requires such relationship to be that of principal and agent, corporation and officer, master and servant, beneficiary and trustee, or bailor and bailee, and that hence, unless the defendant was the agent, clerk, officer, or servant of the American Bridge Company, or was intrusted by the American Bridge Company with the warrant described in the information, there can be no conviction; and that the information does not allege any of these facts. This argument is not available to the appellant since the decision by this court of *State v. Isensee,* 12 Wash. 254 (40 Pac. 985), and *State v. Downing,* 15 Wash. 413 (46 Pac. 646). But, as an independent proposition, § 7119, Bal. Code, provides that:

"If any agent, clerk, officer, servant, or person to whom any money or other property shall be intrusted, with or without hire, shall fraudulently convert to his own use,

or shall take and secrete the same with intent fraudulently to convert the same to his own use, or shall fail to account to the person so intrusting it to him, he shall be deemed guilty of larceny, and on conviction thereof shall be imprisoned," etc.

If the legislature had a right to enact such a law—and such right is not, and, we think, cannot be questioned—it would seem that there is no room for controversy. The language of the law is plain, simple, and comprehensive, and the statement of facts furnished by the information is equally plain, and within the provisions of the law. By this information the defendant is informed that at the time of the alleged offense he was an officer to whom property was intrusted, and the property was plainly described. He is informed that he fraudulently and feloniously converted said property to his own use. If these allegations of the information are true, the statutory crime has been committed, and no amount of discussion can make the proposition plainer. By virtue of his office, defendant became the legal custodian and bailee of the warrant by operation of law. He therefore had the warrant rightfully in his custody, and also, by operation of law, held it as the agent of the owner. When he assumed the duties of the office, he assumed to act as agent for the owner, under provisions of the law, and he is estopped from denying such agency. If he is agent to receive the money for the owner, he is agent to deliver it to him. It would certainly be a puerile law that would constitute a public officer an agent to receive money for one with whom the municipality is dealing, and allow him to deny the agency for the purpose of escaping punishment for embezzling such property. The objection that there was no value to the warrant until it was delivered, and that the ownership was not properly alleged, is equally untenable. The

warrant was duly authorized, legally drawn and issued by the proper officer for an approved claim against the county, by order of the proper authorities. Its proper place was in the auditor's files, and, when it was removed from those files by the officer and cashed, it was so removed and cashed because it was of value, notwithstanding the fact that it had not yet been delivered to the proper owners. On this proposition see *State v. White,* 66 Wis. 343 (28 N. W. 202).

There was no error committed by the court in the admission of testimony or in instructions given or refused. The defense was a purely technical one, which cannot obtain under the provisions of our Code, and under the uniform rulings of this court.

The judgment is affirmed.

ANDERS, MOUNT and HADLEY, JJ., concur.

FULLERTON, C. J., not sitting.