## Commonwealth v. Taylor

*Harold S. Irwin, Jr.*, Assistant District Attorney, for Commonwealth.

*John E. Slike*, for defendant.

SHUGHART, P. J., November 15, 1958.—Defendant was specifically charged before a justice of the peace with a violation of section 620 (*h*) of The Vehicle Code of May 1, 1929, P. L. 905, namely, with the operation of a motor vehicle "after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated": 75 PS §231.

After indictment by the grand jury the case was called for trial before the writer and a jury. During the course of the trial it developed that defendant had never held an operating privilege in the Commonwealth but his privilege to apply for such was suspended under the provisions of the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, 75 PS §1277.1 et seq. At this point, court appointed counsel for defendant moved for a dismissal of the proceedings on the ground that the prosecution of defendant should have been brought under section 32 (*a*), 75 PS §1277.32, of the Motor Vehicle Safety Responsibility Act instead of being brought under section 620 (*h*) 75 PS §231 of The Vehicle Code. Since this was the only defense to the charge, by agreement the jury was discharged and the matter submitted to the court without a jury. Briefs have been filed and the matter argued before the court. In view of the nature of the question it is deemed advisable to file this opinion in support of the order.

The wording of section 620 (*h*) of The Vehicle Code has already been set out ante. The violation of this section is a misdemeanor and calls for a fine of not less than $100 nor more than $500 and/or undergoing imprisonment for not more than three years.

Section 32 (*a*) of the Motor Vehicle Safety Responsibility Act provides, inter alia, that: "Any person whose license or registration or nonresident's operating privilege has been suspended or revoked . . . and who during such suspension or revocation drives any motor vehicle . . . shall be guilty of a misdemeanor and, upon conviction, shall be fined not more than five hundred dollars ($500), or imprisoned not exceeding six (6) months, or both. . . ."

The sole difference in the offenses proscribed by the two statutes is that the penalty for violation under The Vehicle Code is more severe than under the other act.

Defendant contends that since defendant's operating privilege was suspended because of his failure to file proof of financial responsibility as required by section 13 of the Motor Vehicle Safety Responsibility Act, 75 PS §1277.13, he could only be punished under the penal provisions of that act. The latter act was originally passed in 1945, and subsequently amended several times, the latest amendment of the penal section being by Act of July 25, 1953, P. L. 581. The latter amendment, however, made no change in section 32 (*a*) which remained as initially enacted in 1945. Section 620 of The Vehicle Code was amended by the Act of August 24, 1951, P. L. 1368, or some six years after the enactment of the Motor Vehicle Safety Responsibility Act. Nevertheless the legislature did not restrict the application of subsection (*h*) of section 620 although they were presumed to be aware of the provisions of the other act.

"It will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, un-

less there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the latter statute revises the whole subject matter of the former": Kingston Borough v. Kalanosky, 155 Pa. Superior Ct. 424, 427. See also Board of Christian Education of the Presbyterian Church v. Philadelphia School District, 171 Pa. Superior Ct. 610, 624.

One explanation for the overlapping of the provisions of the two acts is that the Motor Vehicle Safety Responsibility Act is one of the series of uniform acts, 75 PS §1277.37, and it was, therefore, enacted in toto in the interests of uniformity with the enactments of other States even though some of its provisions overlapped existing legislation.

Section 620 (h) makes it an offense to operate after the suspension or revocation of operating privilege irrespective of the basis for the loss of the privilege. Section 32 (a) of the Motor Vehicle Safety Act makes it an offense to operate a vehicle after the operating privilege has been suspended by the terms of the act. The two acts are not in conflict: Commonwealth v. Sheaffer, 12 D. & C. 2d 768.

Even if they were considered to be in conflict, section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §563, provides: "Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both." It is only when the two are irreconcilable that one prevails over the other: Commonwealth ex rel. v. Kline, 294 Pa. 562.

It is clear that the operation of a motor vehicle by defendant after his privilege had been suspended violated both of the acts in question. Does this give defendant the right to select the statute under which he should be charged? We think that it does not.

"It is no defense to an indictment under one statute that the accused may also be punished under another": 15 Am. Jur. 22, §330.

In the case In Re Converse, 42 Fed. 217, affirmed 137 U. S. 624, defendant, an attorney, was indicted under a statute charging him with embezzlement as the agent of two executors, another statute provided different punishment for the receipt and retention of money collected by an attorney at law after demand was made for the same. The Supreme Court of Michigan held that the embezzlement statute covered embezzlement by an attorney at law (People v. Converse, 74 Mich. 478, 42 N. W. 70), and that defendant was properly sentenced under that statute. In that case the offense under embezzlement by agent was a felony and defendant was sentenced to a term of five years at hard labor, whereas the offense under the embezzlement by an attorney was a misdemeanor and provided for imprisonment in the county jail for not more than one year. Nonetheless, the Supreme Court upheld the sentence of the court on the more serious charge and said on page 631: "As remarked by Judge Brown [of the Circuit Court], it is no defense to an indictment under one statute that a defendant might also be punished under another." To the same effect see State v. Donahue, 75 Ore. 409, 144 Pac. 755, 757, 5 A. L. R. 1121, 1124; State v. Leonard, 56 Wash. 83, 105 Pac. 163, 165.

In this case, therefore, the fact that defendant could have been prosecuted under either of the statutes does not give him the right to choose the one under which he shall be prosecuted. The fact that the punishments differ under the two statutes does not alter the rule, as appears from the Converse case, supra. As said in State v. Leonard, supra, at 165: "It makes no difference to the appellant that the penalty is different in the different sections. What concerns him are the acts with

the commission of which he is charged. State v. Isensee, 12 Wash. 254, 40 Pac. 985."

And now, November 15, 1958, at 10 a.m., defendant's motion to dismiss the proceedings is overruled; defendant is found guilty. He is directed to appear before the court on Monday, November 24, 1958, at 10 a.m., for sentence.