JEHU W. PENNOCK v. MORRIS R. FULLER.

*Comp. L., § 5734—Capias—Misconduct in professional employment.*

Suit by capias is a civil remedy, and in suing on the contract liability imposed by Comp. L., § 5734, for misconduct or neglect in office or professional employment, capias issues only under conditions applicable to contracts.

The term "professional employment" can only relate to those occupations universally classed as professions, of the general duties and character of which the courts have judicial knowledge.

The business of a real estate agent is not an office or a professional employment within the meaning of Comp. L., § 5734, imposing a contract liability for misconduct in one's office or profession.

Certiorari to B. P. Shepard, Circuit Court Commissioner of Hillsdale county. Submitted June 4. Decided June 10.

*Millard & Bean* for plaintiff in certiorari.

*Dickerman & St. John* for defendant in certiorari. An affidavit to hold to bail cannot issue in an action on contract, *People v. McAllister*, 19 Mich., 215; *Powell v. Layton*, 2 New R., 365; *Max v. Roberts*, 2 New R., 454: 12 East., 89; *Pozzi v. Shipton*, 8 A. & E., 963; *Breth-*

*erton v. Wood,* 3 Brod. & Bing., 54; *Leslie v. Wilson,* 3 Brod. & Bing., 171; *Corbett v. Packington,* 6 B. & C., 268; *Cabell v. Vaughan,* 1 Wm. Saunders, 291; *Weall v. King,* 12 East, 452; *Masters v. Stratton,* 7 Hill, 101; *Brown v. Treat,* 1 Hill, 225; *Suydam v. Smith,* 7 Hill, 182; *Walter v. Bennett,* 16 N. Y., 250; 1 Chitty Pl. (14 Am. ed.), 135–6.

CAMPBELL, C. J. Pennock sued out a·capias against Fuller and one Janes, on which Fuller was arrested and released on habeas corpus. Certiorari is now brought to review the proceedings whereby he was discharged.

The affidavit on which the writ issued was made under § 5734 of the Compiled Laws. The only ground which was invoked under that section was that defendants were guilty of "some misconduct or neglect in office, or in some professional employment," and that the contract liability was thus incurred or complicated. This is the section on which plaintiff's counsel rely.

The affidavit sets up the liability substantially as follows: That the defendants were "copartners in the business of real estate agents" and as agents of plaintiff received the proceeds of land which they sold for him, which though requested they have not paid him; that they received it in November, 1877, but concealed the fact and represented by their letters that they had not received it, but that afterwards in the spring of 1878 he called at their office, and they admitted they had received the money, and they or one of them showed him an entry of it on their books.

This case cannot in our opinion be distinguished in principle from *Bronson v. Newberry,* 2 Doug. (Mich.), 38; and *People v. McAllister,* 19 Mich., 215. The statute in regard to issuing writs of capias divides them into two classes—those which are for damages other than those arising upon contract express or implied, and those arising upon such contract. In both of the cases cited the ground of action was that agents had collected moneys

and misappropriated them. And in both cases it was held that a capias could not issue unless under conditions applicable to contracts. The counsel for plaintiff in the present case puts his whole right of action under section 5734 of the Compiled Laws, which is expressly confined to actions arising upon contract.

The only clauses of agency which that section covers relate to misconduct or neglect in office, or in professional employment. It was held in both the cases named that a private agency is not either office or professional employment. Professional employment can only relate to some of those occupations universally classed as professions, the general duties and character of which courts must be expected to understand judicially. Real estate agencies are no more professions than any other business agencies. A commission merchant, or an agent for the sale of any particular kind of personal property acts in an analogous capacity. Any one can assume and lay down such business at pleasure, and any one can conduct it in his own way on such terms and conditions as he sees fit to adopt. There is nothing in our laws which would enable any court to draw a line between such business agencies. They are not classed as professions by popular usage or by law. So far as civil remedies are concerned they are not distinguishable, and a suit by capias is a civil remedy.

We do not think it necessary to consider the other questions presented, as the commissioner was right in discharging the defendant. The order must be affirmed with costs.

The other Justices concurred.