# Lavan et ux. *v.* Menaker, Appellant.

*Deeds—Building restrictions—Building for business — Restriction on growing vegetables—Injunction—Equity—Laches.*

1. Conducting a general real estate office is a "business" within the meaning of a restriction in a deed which provides no lot in a plan designated "shall be used for any business or manufacturing purpose."

2. Where such a business is conducted in a small wooden building fifteen feet from the residence of a lot owner, the latter cannot be considered captious in an effort to secure its removal, where the evidence shows that the building was without a chimney, that a stove pipe extended through a window, that it had no water supply, and that it was a menace by reason of its liability to catch fire.

3. The lot owner in such case cannot be charged with laches where it appears that he made complaint about the building within six months, and filed a bill for its removal within nine months after his right to do so had accrued.

4. The fact that the owner of the lot on which the building stood did not know, prior to his purchase, of an agreement between his grantor and a purchaser of an adjoining lot that the building might remain for a specified time, is immaterial, if he knew from the restrictions in his own deed that it was such a building that could not lawfully be maintained upon the lots sold to himself and others under a common plan.

5. Where deeds of lots sold according to a plan of lots contain no limit as to the number of lots that may be contained in one home site, a restriction that no lot or part thereof should be used as a patch for raising vegetables until a house has been erected thereon, will not be construed to mean that a purchaser of several adjoining lots must build on each lot, to entitle him to have a vegetable garden on his property.

*Evidence—Witness—Cross-examination—Experts.*

6. One who desires to cross-examine an opposing witness called as an expert, as to his qualification, must make a formal request for permission so to do, and, if refused, take an exception. If he

fails to do so he cannot afterwards complain that he was not permitted to make such cross-examination.

Argued April 29, 1924.   Appeal, No. 5, Jan. T., 1925, by defendant, from decree of C. P. Delaware Co., June T., 1922, No. 1303, on bill in equity, in case of Frank Lavan et ux. v. Leo A. Menaker.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for injunction to enforce building restrictions. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Malvin H. Reinheimer,* with him *William J. Mac-Carter, G. Coe Farrier* and *David Phillips,* for appellant. —The court erred in failing to permit cross-examination of the alleged experts, who testified as to the value of the building objected to: Friday v. R. R., 204 Pa. 405; Davis v. R. R., 215 Pa. 581; Stemons v. Turner, 274 Pa. 228.

The court's findings and conclusions of law relating to the question of whether the plaintiffs came into court with clean hands in so far as relates to the maintenance of a truck patch in violation of the restrictions of his deed, are contrary to the evidence and the law of the case: Mints' App., 128 Pa. 163; Harris Chemical Co. v. Tunnell & Co., 261 Pa. 72.

Plaintiffs were guilty of laches operating to the detriment of defendant so as to bar them from any right to relief in this proceeding: Scott v. Burton, 2 Ashmead 312; Orne v. Fridenberg, 143 Pa. 487; Phillips v. Dunseith, 269 Pa. 251; Hohl v. Modell, 264 Pa. 516.

*Robert G. Erskine,* with him *Geary & Rankin,* for appellees, cited: Lewis & Nelson's App., 67 Pa. 153; Wick-

ham v. Twaddell, 25 Pa. Superior Ct. 188; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Tabor Street, 26 Pa. Superior Ct. 167.

OPINION BY MR. JUSTICE WALLING, May 19, 1924:

This bill in equity was filed to enforce certain building restrictions. A tract of land at Penfield in Haverford Township, Delaware County, owned by the Suburbs Holding Company of Pennsylvania, was plotted into building lots, etc., and thus sold subject to certain restrictions as to improvements. In the years 1915 and 1916 plaintiffs bought five of the lots on which they erected a stone dwelling house and garage at the cost of $27,000; later they bought two adjoining lots, making seven in one plot. There was a small one-room frame shingle-roof building, located on the lots plaintiffs first bought, used as a real estate office in connection with the sale of the Penfield property. It was agreed between plaintiffs and their grantor the Holding Company, that this building should be moved on to adjoining lots (which was done) and temporarily used as such real estate office and then removed from the lots and from Penfield.

In 1920 the Holding Company sold defendant two lots and the building in question which stood thereon, but reserved the use of the latter for some months to facilitate the sale of the remaining lots, and, in fact, continued to use it for that purpose until about January 1, 1922. Thereafter the building was vacant for approximately six months, then defendant leased it to R. B. Dunbar as a general real estate office. Plaintiffs, who objected to the building being used for that purpose and desired its removal, filed this bill praying for such relief. The case was heard upon bill, answer, replication and testimony; from which the trial court found numerous facts and conclusions of law, and, in due course, entered a final decree restraining the use of the building as a general real estate office and directing its removal; thereupon defendant brought this appeal.

VOL. CCLXXX—38

A careful examination of the record leads to the conclusion that the decree was well entered. The case turns upon the limitations and building restrictions, which are practically similar in the respective deeds. For example, in that of defendant there is a specific provision against the use of his lots for an offensive trade or business, followed by further provisions, viz: "That no lot or any part thereof shown on said plan of 'Penfield' shall be used for any business or manufacturing purposes of any kind or nature whatsoever excepting those abutting on Lawson Avenue, on which said lots, buildings for business purposes of a value of not less than Five Thousand ($5,000) dollars may be constructed and business that does not conflict with or violate the restrictions contained in the above 'first' clause [as to offensive business] may be conducted therein.

"That no lot or any part thereof shall be used by the said grantee or his assigns for a truck patch or for raising vegetables or garden stuff until a house has been erected on said lots in accordance with the restrictions contained in this deed......

"Nor shall any shed or chicken house or structure of any nature or kind, be built, erected or maintained on said premises before a dwelling or building for business purposes costing Five Thousand ($5,000) dollars has been erected thereon......

"That no building except a dwelling house and outbuildings appurtenant thereto shall be built or maintained upon said premises or any part thereof, which said dwelling house shall be of a value of not less than Five Thousand dollars......" Assuming, but not deciding, that the last above-quoted restriction does not apply to defendant's lots, as they abut on Lawson Avenue, yet the maintenance thereon of the building in question is a violation of the restriction as neither its cost nor value exceeds $2,000. As the building has no right to remain upon the premises, its use there for a business purpose

must cease. So, whether the last or the first above-quoted restriction applies, the result is the same.

The cost and value of the building was shown by the testimony of carpenters and builders; defendant asserts that he was not permitted to conduct a preliminary cross-examination of these witnesses to test their knowledge of costs and values. The right to conduct such cross-examination is clear (Friday v. Penna. Railroad Co., 204 Pa. 405; Davis v. Penna. Railroad Co., 215 Pa. 581), but the record fails to show it was denied the defendant in the instant case. He who desires to cross-examine an opposing witness, as to his qualifications, should make a formal request for permission so to do, and if refused by the trial judge take an exception, but nothing of that kind appears in this record. The trial court properly found that conducting a general real estate office was "a business" within the restriction in the deed, although, we may add, not an offensive one.

The deeds, including those to plaintiffs, contain restrictions against the use of lots for truck patches, prior to the erection of a dwelling thereon, but as plaintiffs' lots are all in one plot, on which their dwelling is located, the truck patch they have thereon does not violate the restriction. The deeds contain no limit as to the number of lots that may be combined in one home site, which, when built upon, would entitle the owner to a truck patch on his property. It is not necessary that the purchaser build on each lot as originally plotted to entitle him to have a vegetable garden on his property. Therefore, defendant's contention that plaintiffs should be denied relief because of their own violation of one of the property restrictions is untenable.

The building here in question is only fifteen feet from plaintiffs' dwelling house, has no chimney (the stove pipe extending out through a window), nor water supply and is a menace by reason of its liability to catch fire, as it did on one occasion; hence, the steps taken by plaintiffs to secure its removal were not captious.

The building had been on its present location for some six years when this bill was filed, which, unexplained, would defeat plaintiffs' prayer for its removal on the ground of laches: Phillips et al. v. Donaldson, 269 Pa. 244, 251; Hohl et al. v. Modell, 264 Pa. 517; Orne v. Fridenberg, 143 Pa. 487. But as the Holding Company reserved the right to keep the building there for convenience in the sale of the Penfield lots and so used it until January, 1922, it is evident plaintiffs could not have asked for its removal prior to that time, and as they made complaint about it within six months and filed the present bill for its removal within nine months after the right to do so accrued, no change being made in the building or property meantime, we cannot say the trial court erred in rejecting the defense of laches. This is not the case of a party standing silently by and witnessing the construction and use of a building in violation of a restrictive covenant. True, it does not appear that defendant knew of the agreement for the temporary use and ultimate removal of the building, but he did know by the stipulations in his deed that it was such a building as he could not lawfully maintain upon the lots. The fact that he bought the building with the lots gave him no right to continue it there, in violation of the restrictions in his deed, and to the damage of the owners of adjoining property, a part of the same original tract, and held under like restrictions. We may add the restrictions in all the deeds expire January 1, 1925.

Finding neither error of law nor abuse of judicial discretion, the decree is affirmed and appeal dismissed at the costs of appellant.