THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WAGNER S. KELLY, Appellant.

(Argued January 12, 1931; decided February 10, 1931.)

*David M. Neuberger* for appellant. The exclusion from residence districts of professional men engaged in professional pursuits in their own homes was never intended by the Building Zone Resolution. (*Rees* v. *Teachers' Retirement Bd.*, 247 N. Y. 372.) Neither vocal instruction nor musical coaching is the carrying on of a trade or industry or the conduct of a business. (*United States* v. *Laws*, 163 U. S. 258; *People* v. *Klaw*, 55 Misc. Rep. 72; *Matter of Pinkey*, 47 Kan. 89; *Price* v. *County of Erie*, 221 N. Y. 260; *Village of Stamford* v. *Fisher*, 140 N. Y. 187; *Welch* v. *City of Niagara Falls*, 210 App. Div. 170; *City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39; *Burks* v. *Bosso*, 180 N. Y. 341; *People* v. *Nelson*, 153 N. Y. 94; *Matter of Washington Street A. & P. R. R. Co.*, 115 N. Y. 442; *Hayden* v. *Pierce*, 144 N. Y. 512; *People* v. *Purdy*, 154 N. Y. 439; *Archer* v. *Equitable Life Ins. Co.*, 218 N. Y. 18.)

*Kenneth McEwen* for The American Academy of Teachers of Singing et al., *amici curiæ*. The information should have been dismissed upon grounds protecting the normal practice of the arts and professions. (*People* v. *Transit Development Co.*, 131 App. Div. 174; *People* v. *Meola*, 193 App. Div. 487; *Bailey* v. *School District*, 204 App. Div. 125.)

*Frederick E. Klein* for Musicians' Club, Inc., et al., *amici curiæ*. Coaching professional singers in one's dwelling without impairing the public health, welfare, convenience and common good does not constitute a crime under the Zoning Law. (*City of Buffalo* v.

*Chadeayne,* 134 N. Y. 163; *State of New York* v. *Foster,* 148 App. Div. 258; 205 N. Y. 593; *Metropolitan Board of Health* v. *Heister,* 37 N. Y. 661; *Cronin* v. *People,* 82 N. Y. 318; *Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313; *People* v. *Hawkins,* 157 N. Y. 1; *Tonelle* v. *Hayes,* 118 Misc. Rep. 339; *Burke* v. *Bosso,* 180 N. Y. 341; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87; 250 N. Y. 598; *Booth* v. *Knipe,* 178 App. Div. 423; *People* v. *Sturgis,* 121 App. Div. 407; *People ex rel. Cohen* v. *Butler,* 125 App. Div. 384.)

*Allen Wardwell, John M. Perry, Hersey Egginton* and *Franklin Benkard* for Juilliard School of Music, *amicus curiœ.* The framers of the Building Zone Resolution did not intend to include the teaching of music among the uses prohibited in residence districts. (*Rees* v. *Teachers' Retirement Bd.,* 247 N. Y. 372; *Bohnsack* v. *McDonald,* 26 Misc. Rep. 493; *Hickey* v. *Taaffe,* 99 N. Y. 204; *Iselin* v. *Flynn,* 90 Misc. Rep. 164; *Welch* v. *City of Niagara Falls,* 210 App. Div. 170; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87; 250 N. Y. 598.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly* and *Willard S. Allen* of counsel), for respondent. The teaching of music and the coaching of vocalists, after the manner of the defendant, was one of the things intended by the Building Zone Resolution to be excluded from residental districts. (*Barnett* v. *Vaughan Institute,* 119 N. Y. Supp. 45; 134 App. Div. 921; 197 N. Y. 541; *United States* v. *Laws,* 163 U. S. 258; *O'Reilly* v. *Erlanger,* 108 App. Div. 318; *People* v. *Rubenfeld,* 254 N. Y. 245; *Kemp* v. *Sober,* 1 Sim. [N. S.] 517; *United States* v. *Commissioner of Immigration,* 298 Fed. Rep. 449; *United States* v. *Flynn,* 16 Fed. Rep. [2d] 1006, 28 Fed. Rep. [2d] 1002; *United States* v. *Thompson,* 41 Fed. Rep. 28; *Herbert* v. *Shanley Co.,* 242 U. S. 591; *Star Opera Co.* v. *Hylan,* 109 Misc. Rep. 132.) The use by the defendant of his

premises for other than dwelling purposes is in violation of sections 2 and 3 of article II of the Building Zone Resolution. (*People* v. *Meola*, 193 App. Div. 487; *Bailey* v. *School District No. 5*, 204 App. Div. 125; *People* v. *Kelly*, 227 App. Div. 715.)

CRANE, J. The defendant is the owner of 320 West Seventy-eighth street in Manhattan, New York city, a private dwelling house of four stories. He has been convicted in the Court of Special Sessions (Municipal Term) of violating the provisions of sections 2 and 3 of article II of the Building Zone Resolution adopted by the Board of Estimate and Apportionment. His house, located in a residence district, was used for music studios contrary, as it has been held, to this zoning law.

Kelly is a professional singer, giving singing lessons or, as he describes it, " giving suggestions or ideas to performers as to the best way to put their turn over on the stage." He is an artist, carrying on his profession in his home. Can this be done in a residential district?

The police power of the State regulating or restricting the use of private property finds its expression and limitation in the charter and the zoning resolutions adopted thereunder.

Chapter 470 of the Laws of 1914, which added sections 242-a and 242-b to the Greater New York Charter, enacts:

" § 242-b. The board of estimate and apportionment may regulate and restrict the location of trades and industries and the location of buildings designed for specified uses, and may divide the city into districts of such number, shape and area as it may deem best suited to carry out the purposes of this section. For each such district regulations may be imposed designating the *trades* and *industries* that shall be excluded or subjected to special regulations and designating the uses for which buildings may not be erected or altered. Such regulations shall

be designed to promote the public health, safety and general welfare.  *  *  * ''

Only " trades and industries " are subject to exclusion or special regulations.

" Trade " as here used has the meaning of mechanical employment or commercial or business enterprises, while " industries " is that branch of trade employing capital and labor. These definitions may not be exact or exclusive but signify that the idea conveyed by these words is some business or money making occupation as distinguished from the professions, the arts or agriculture.

And so it was understood by the Board of Estimate and Apportionment which framed the zoning resolutions, keeping well within the empowering law.

Section 2 divides the city into four districts " for the purpose of regulating and restricting the location of trades and industries." ·

According to section 3, " Residence Districts " do not include, but exclude " trades and industries." Within this district buildings must be used exclusively for dwellings, clubs, churches, schools, philanthropic institutions, hospitals, railroad stations, farming and other similar uses, indicating that the line is drawn solely against business or, in other words, trade or industries.

The usual accessories to a dwelling house which are permitted by the regulation " shall not include a business."

The teaching of singing or of music is a profession and is not a business, trade or industry as these words are used in the law, zoning regulation or common parlance.

The arguments of counsel apparently concede that the exclusions would not reach out to the doctor, the dentist, or the lawyer consulting clients at home; but no distinction can be drawn for the purposes here involved between these professions and those of the musician, artist or teacher.

If a building may be used exclusively for a school which may, and generally does, include the teaching of

music, and art and in this day dramatics, we cannot suppose that the regulations were intended to exclude the teaching of these arts in private houses. A part is not greater, nor more objectionable than the whole.

These conclusions make it unnecessary to consider the effect which professional activities may have upon the health, safety or general welfare of the public, and the constitutionality of a law which attempted to segregate them. (*Nectow* v. *City of Cambridge*, 277 U. S. 183.) Neither do we say that any profession may not be so conducted as to deteriorate or extend into a business, or industry. We will deal with such cases when they arise.

The judgment of the Appellate Division and that of the trial court should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.