[Civ. No. 9425.   Second Appellate District, Division Two.—April 29, 1935.]

FRED F. GREENFIELD, Respondent, v. BOARD OF CITY PLANNING COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Defendants; THOMAS COOMBS, as Director-Manager, etc., et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, D. M. Kitzmiller and Grant B. Cooper, Deputies City Attorney, for Appellants.

Arthur C. Fisher for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff in an action for declaratory relief and an injunction. The plaintiff is engaged in the general contracting business. The real property on which he conducts said business is located in zone "C" under the general zoning ordinance of the city of Los Angeles, and defendants concede in their briefs that it is proper to use the property for such business. On the front part of his lot is an office building. It was built for plaintiff's use in the general contracting business and it is so used. On the rear of the lot is a garage building which is used by plaintiff in his said business. Along the sides of the lot, between the front office building and the garage building, extend plaster covered fences eight feet high. Plaintiff stores the machinery and equipment used in his said business on the rear of the

lot and in the garage building when not in actual use in his said business. It was because plaintiff was so storing his machinery and equipment on the premises when not in actual use that defendants notified plaintiff that he was violating the zoning ordinance in carrying on his said business on said premises. They ordered him to desist and threatened to have him arrested if he did not so desist. This action was brought under section 1060 of the Code of Civil Procedure for declaratory relief. After issue was joined and trial had the court found that the operation and conduct of said business as aforesaid on said premises was not prohibited by said zoning ordinance or amendments thereto or any zoning ordinance of said city. Judgment was entered accordingly. The judgment also enjoined defendants from attempting to prevent plaintiff from operating a general contracting business on his said premises.

Defendants construe the ordinance as prohibiting any storage on zone "C" property, even the storage of the machinery, equipment, tools and accessories regularly used by plaintiff in the conduct of his said business. We cannot uphold such a harsh and narrow construction. The use of zone "C" property for storage is not expressly permitted by the zoning ordinance, but practically all of the forty or more different kinds of business which are expressly permitted by the ordinance require storage as a necessary incident thereof. In enumerating these businesses, the ordinance adds the words, "as ordinarily conducted". The ordinance also recites in regard to zone "C" property, "There may be the usual accessories in connection with such buildings, structures and/or uses." It is not claimed that the machinery and equipment stored on the premises are not regularly used in plaintiff's business, or that they are not the usual accessories in his business, or even that they are not necessary to his business, nor is it claimed that his business is not "ordinarily conducted". To hold that the plaintiff cannot store on his property the accessories necessary or usual to his business would be as unreasonable as to say that retail and wholesale houses cannot store on their premises the goods, wares and merchandise which is their stock in trade or the equipment, machinery and accessories ordinarily used in handling the same.

Defendants call attention to the fact that the use of property for storage purposes is expressly permitted by the ordinance on property in zone "D". An examination of the ordinance shows that as regards zone "D" property, "storage" may be in itself the sole or major purpose or business for which the property may be used. It is clear to us that storage, not as a business in itself, but as an incident of one of the permitted businesses "as ordinarily conducted" is not prohibited by the ordinance on zone "C" property.

■ Defendants contend that an injunction suit will not lie to prevent city officials from enforcing a valid penal ordinance. The court did not enjoin the defendants from enforcing the ordinance. It went no further than to enjoin the defendants from attempting to prevent plaintiff from operating a general contracting business on his said premises. This the defendants concede the plaintiff has a right to do. The judgment would be equally effective with or without the injunction and we will not disturb it.

■ Defendants insist that an action for declaratory relief will not lie "where other adequate relief may be obtained by the parties and where the only dispute between the parties is a dispute as to the existence of facts and no question is involved as to the construction or validity of any written instrument, deed, will or contract". Defendants do not indicate where other adequate relief may be obtained. Almost the sole question involved in this action is the construction of a written instrument, to wit, the city ordinance discussed and construed hereinabove.

■ The final contention of defendants is that city officials cannot be enjoined "from enforcing an ordinance where there is no showing that any of the threatened acts of the city officials would cause respondent irreparable or any injury or damage". There does not seem to be any evidence in this regard, but a careful reading of the record discloses that the answers in the case filed by the defendants contain the following admission, to wit: "Defendants threaten to so act as aforementioned, to attack the right of the plaintiff in respect to the conduct of his business as of general contracting at said premises, in such manner as to prevent plaintiff from carrying on or continuing his business

as aforesaid." This is a sufficient showing. The destruction of one's business is manifestly an irreparable injury.

From the foregoing it is evident that we think the judgment should be, and it is, affirmed.

Stephens, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1935.