In the Matter of the Application of Courtlandt Otis and Others, Individually and as Copartners Doing Business under the Firm Name and Style of Otis, Jones & Company, Petitioners, for an Order against Mark Graves and Others, Constituting the State Tax Commission of the State of New York, Respondents.— Proceeding pursuant to the provisions of article 78 of the Civil Practice Act and the applicable provisions of the Tax Law (§§ 199, 375) to review a determination of the State Tax Commission which affirmed an assessment of unincorporated business tax under article 16-A of the Tax Law for the year 1937. The sole question presented is whether petitioners, engaged in the activity of insurance brokerage, practiced a profession within the meaning of section 386 of the Tax Law and hence are exempt from the unincorporated business tax. The respondents, State Tax Commission, found that the petitioners were subject to the unincorporated business tax and assessed a tax accordingly. The determination of the State Tax Commission should be confirmed. (*Matter of Recht* v. *Graves*, 257 App. Div. 889; *People ex rel. Tower* v. *State Tax Commission*, 282 N. Y. 407.) Determination of the State Tax Commission unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

Nellie Walek, as Administratrix, etc., of Andrew Walek, Deceased, Appellant, v. New York Central Railroad Company, Respondent.— Appeal from the order and judgment of non-suit at the close of plaintiff's case. Plaintiff's intestate was struck by the Empire State Express while he was upon defendant's tracks at Amsterdam. The evidence did not establish the right to recovery. (*Gleason* v. *Central N. E. Ry. Co.*, 261 N. Y. 333; *Skzypek* v. *Long Island R. R. Co.*, 275 id. 508; *Zambardi* v. *South Brooklyn Ry. Co.*, 281 id. 516.) Judgment and order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

Benjamin Levy, Appellant, v. William Bloomfield, Doing Business as Bloomfield Wrecking Company, Respondent.— Plaintiff loaned to the defendant $6,617.76 to finance a contract for the demolition of a building. Defendant was to receive $5,750 and all salvagable material. Defendant was to repay the loan from the proceeds of the contract if a sufficient amount was received therefrom; otherwise it was his personal obligation. He has repaid $4,623.66, leaving unpaid $1,994.10, and plaintiff is entitled to judgment for the last mentioned amount. Judgment of the Albany City Court reversed, on the law and facts, with costs. Judgment in favor of plaintiff and against defendant for $1,994.10 directed. The court makes the following new findings of fact: Defendant William Bloomfield became indebted to plaintiff Benjamin Levy in the sum of $6,617.76 for money loaned in accordance with a written contract bearing date June 12, 1937. Bloomfield has paid no part of the same except $4,623.66, and there remains due and unpaid the sum of $1,994.10. The court makes the following conclusion of law: Plaintiff is entitled to judgment for the last named amount. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.