[Civ. No. 12786. Second Appellate District, Division Two.—February 17, 1941.]

SHIRLEY LANCE BRINTLE, Appellant, v. BOARD OF EDUCATION OF THE CITY OF LONG BEACH et al., Respondents.

Tanner, Odell & Taft and Robert A. Odell for Appellant.

J. H. O'Connor, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondents.

MOORE, P. J.—Appellant filed his petition for a writ of mandate requiring respondent, Junior College District and the Board of Education of the City of Long Beach to reinstate him in his position of "assistant to the supervisor of educational research" in the Long Beach Junior College, with the status of permanent tenure and to pay him the salary for such position for the time elapsing since his discharge at the end of his last year with the school. This appeal followed a judgment denying appellant's petition.

Appellant's contention that he be reinstated as a permanent employee is based upon the following facts: Appellant was employed by the respondent Junior College District as counsellor for the 1930–1931 school year; as counsellor-registrar for 1931–1932; as dean of records for 1932–1933 and 1933–1934; as vice-principal and dean of men for 1934–1935, and 1935–1936; as vice-principal with supervision of evening junior college for 1936–1937; as vice-principal for 1937–1938; and as assistant to the supervisor of educational research after December 6, 1937. Appellant was notified on May 9, 1938, that his services would not be required for the next ensuing school year. During all of that time appellant held a special secondary research credential issued by the state board of education which authorized him to serve in the public schools as director, associate or assistant director of a bureau or department of educational research. At all times mentioned herein he held a certificate for such service in the public schools of Los Angeles County in which the respondent Junior College District is located. Not until December 10, 1937, did appellant obtain general secondary school and administration credentials from the state board of education.

Despite various positions held by him, appellant contends that he was actually employed to do educational research work and that more than ninety per cent of his time was consumed in doing such work and that this position required certification qualifications during the school years of 1930–1931, 1931–1932, and 1932–1933, and that by virtue of the provisions of section 5.500 of the School Code, he became a permanent employee when he was employed for the 1933–1934 school year in the same position. But the findings of the trial court, contrary to appellant's demands, were as fol-

lows: that appellant was not employed for educational research work until December 6, 1937; that prior thereto, in addition to his duties as counsellor, dean of records and vice-principal, appellant engaged in research activity in connection with the administering of achievement and intelligence tests of the students and the percentage of graphs and charts incidental to enrollment and the progress of students at said Junior College; that employment to do educational research work was not a position requiring a certification of qualifications.

From the facts so found, the decision of the court was that appellant was not employed for three consecutive years in a position requiring certification qualifications; that he was not re-elected for the fourth year to a position requiring certification qualifications and that accordingly appellant did not acquire permanent tenure.

In view of the findings, our task is to determine: (1) whether the findings are supported by the evidence, and (2) whether appellant while actually employed to fill the various positions held prior to December 6, 1937, is entitled to base his right of tenure as "assistant supervisor of educational research" upon the fact that he did engage in research activity while employed as counsellor, dean of records and vice-principal.

(1) Section 5.500 of the School Code provides: "Every employee of a school district of any type or class, who after having been employed by the district for three complete consecutive years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year, be classified and shall become a permanent employee of the district." It is thus apparent that permanent tenure may only be acquired in a "position requiring certification qualifications." Since appellant does not claim to have acquired permanent tenure as a counsellor, counsellor-registrar, dean of records, dean of men or vice-principal, but only with respect to educational research work, it follows that if the latter type of work does not require certification qualifications within the meaning of section 5.500 the judgment of the trial court must be upheld.

By section 5.121 of the School Code, there is "created a commission of credentials to consist of the superintendent of public instruction and four persons appointed" by him. By section 5.122 it is authorized to issue credentials to candidates who can "meet the standards set by the state board of education." By section 5.124 this board is empowered "to authorize the commission of credentials to issue credentials upon which county boards of education may grant the certificates enumerated." (Secs. 5.160 to 5.167.) The minimum general standards for all types of credentials is prescribed by sections 5.131 and 5.142. Section 5.150 authorizes the State Board of Education to prescribe the qualifications upon which county, and city and county boards of education may grant certificates: "(a) To teach in junior colleges, senior high schools, four-year high schools, junior high schools, elementary schools and kindergartens. (b) To supervise instruction and to administer schools as supervisors, principals and superintendents. (c) To act as school librarians. (d) To act as school attendance officers. (e) To supervise the health and development of pupils." By section 5.160 the county boards of education are empowered to grant the certificates enumerated in sections 5.161 to 5.167, which provide for the following certificates: High school, junior high schools, elementary school, kindergarten-primary, special certificates (authorizing the holder to serve as librarian or to teach the branches of learning named in such certificate) and supervisor of health.

■■ None of the foregoing provisions of the School Code authorizes or requires the granting of a special secondary certificate or credential, such as that held by appellant, authorizing him to act as director, associate or assistant director of educational research. The failure of the legislature to authorize the granting of such credential leaves no doubt that in enumerating and describing the various certificates which the county boards are authorized to grant by virtue of sections 5.150 and of 5.161 to 5.167, the legislature described all of the positions "requiring certification qualifications." Applying the familiar rule of *expressio unius est exclusio alterius*, it must be held that the legislature, in enumerating the several types of certificates, intended to exclude the authority to grant certificates for other types of employment not coming within the enumerated classes.

(Secs. 5.161–5.167.) Since the position of "director, associate or assistant director of a bureau or department of educational research" is not included among the positions for which certificates may be issued, it cannot be one "requiring certification qualifications."

That the legislature, in employing the phrase "positions requiring certification qualifications" intended to refer to the particular classes of certificates enumerated in the School Code is clear when the provisions of chapter II of division 5, part 3 (secs. 5.420 to 5.490), of the code are considered. This chapter II sets forth the general qualifications which must be met by persons who are employed in positions requiring certification qualifications. By section 5.420 the governing boards of school districts are empowered "to employ for positions requiring certification qualifications only persons who hold legal certificates in full force and effect and on file at the time of such employment." The succeeding sections prescribe the qualifications and type of certifications and type of certificate required for employment as principal, teacher, librarian, supervisor, administrator and physical inspector. Nowhere in this chapter do we find even the suggestion of an educational research certificate. The rights of employees other than those requiring certification qualifications are set forth in sections 5.770 et seq. The term of employment of the employees there mentioned cannot "extend beyond the close of the next ensuing school year." It is needless to consider those sections, however, for appellant bases his claim to permanent tenure solely upon the provisions of section 5.500.

██ (2) From the foregoing it clearly appears that even though appellant's position had been one requiring certification qualifications, his only prospect for a permanent tenure would have been that of classroom teacher. According to section 5.502 persons employed in administrative or supervisory positions requiring certification qualifications can become permanent employees as classroom teachers only but not as administrators or supervisors. Since appellant was occupied during practically all of his nine years in doing research work and did no classroom teaching at all, and since he held no credentials or certification authorizing him to teach during the entire period of his employment, we find no codal provision by which appellant, however so competent, could have

acquired permanent tenure even as a classroom teacher. In view of the language of the cited sections, he is not, merely because he engaged in research activity while holding various positions of responsibility entitled to permanent tenure as assistant to the supervisor of educational research. Our conclusion announced in *Allen* v. *State Board of Equalization*, No. 12800, this day filed is apropos. There certain employees of the State Board of Equalization, while holding positions of "collector" performed the services of "inspector" for over two years. They sought in vain to collect the differential between the salary of the two positions because they had not been certified as eligibles for the higher position prior to doing the work. Statutes enacted to establish tenure for state employees must be strictly construed. No person can gain a permanent tenure or be advanced to a higher class in the service save only by following the statutes enacted by the legislature and the rules adopted by the administrative board. Since the position held by appellant did not require certification qualifications, he is not entitled to be classified as a permanent employee. A decision favorable to appellant upon the remaining questions raised could be of no avail.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing was denied March 19, 1941, and appellant's petition for a hearing by the Supreme Court was denied April 17, 1941.