In the Matter of ALFRED GEIFFERT, JR., Petitioner, against CARROLL E. MEALEY et al., Constituting the State Tax Commission, Respondents.

Third Department, May 3, 1944.

*Heermance, Glassberg & Henry* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Henry S. Manley* of counsel), for respondents.

MEMORANDUM BY THE COURT. It is petitioner's contention that the income in question was received by him in the practice of a profession, viz., that of a landscape architect. The State Tax Commission held that petitioner is not engaged in the practice of a profession within the meaning of section 386 of the Tax Law. The evidence sustains the determination. (*People ex rel. Tower* v. *State Tax Commission,* 282 N. Y. 407; *Matter of De Vries* [*Graves*], 266 App. Div. 1030, affd. 292 N. Y. 529.)

Determination of the State Tax Commission confirmed, without costs.

BREWSTER, J. (dissenting). The question presented pivots on whether the practice of landscape architecture is, within the meaning and intent of the exemption contained in the taxing statute (Tax Law, art. 16-A, § 386), the practice of a *profession.* If it is, then, concededly, petitioner has been incorrectly held liable to pay the unincorporated business tax imposed upon him for the years 1938, 1939 and 1940.

To come within the statutory definition of the exemption we must find that the calling is one which " * * * requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study." (*People ex rel. Tower* v. *State Tax Commission,* 282 N. Y. 407, 412.) Upon the undisputed evidence presented, I believe the calling of landscape architecture, in its full and true sense, is shown to be within such definition. (*Matter of Teague* v. *Graves,* 261 App. Div. 652, affd. 287 N. Y. 549.) Prolonged courses of specialized instruction and study to fit and equip one for such practice are offered and taken at prominent universities throughout the land. Such institutions certify to and award the successful completion of such courses by the conferment of an academic degree; viz., Master of Landscape Architecture. The evidence establishes that petitioner gained and mastered the knowledge essential to the practice of the calling and has achieved prominence and leadership therein. This he attained not by a formal course of collegiate instruction but rather by individually arranged courses of work and study, which were made fruitful by native talent, supplemented and aided by extension courses given by Columbia University. Does the knowledge thus requisite to be gained and thus gained by petitioner relate itself to a " given field of science or learning "? I feel the record before us amply proves the affirmative. Here, too, I think, were it necessary, we may be aided by taking

some judicial notice of certain aspects of the well-known calling. Not one but several of the physical sciences furnish the fields where such knowledge must be gained. Many branches of systematized knowledge requisite to learning and proficiency in the applied sciences need be resorted to, among which are civil and mechanical engineering and draughtsmanship. Other fields are in the domain of biology and botany along with the applied sciences of forestry, horticulture and agriculture. These fields, of course, relate themselves largely to the utilitarian features of the service which such architecture renders. But, like architecture as more generally understood, when applied to landscaping it also denotes a practice wherein an objective of the fine arts has its place. The evidence in the record before us expressly shows that, of which I feel we may generally take notice, viz., that in landscape architecture as in all architecture, the prime objective is " so to arrange the plan, masses and enrichments  *  *  *  as to impart  *  *  *  interest, beauty, grandeur, unity, power." Thus the attainment of the aesthetic is a *sine qua non* and without such pursuit the practitioner is a mere builder, craftsman or gardener. Building simply, or even building well, it has been said, does not in itself denote or involve architecture. (See Ency. Brit. 11th ed.— Architecture.)

As explained to us by the record here, petitioner's practice substantially comports with the statutory definition of architecture as defined by section 1475 of the Education Law. While the latter refers to the older and more generally known practice in the art of building edifices, it is significant that literally it also covers the practice in question — a practice which, in connection with buildings, structures or projects, contributes to utility and achieves beauty, and therein the safe-guarding of life, health or property is concerned or involved, and the service requires the application of the art and science of construction based upon the principles of mathematics, aesthetics and the physical sciences.

Embraced in landscape architecture are planning, designing and evaluation for the location of structures and their appurtenances, such as walks, roads, drains, decorations and the grounds and scapes in general, and responsible supervision of their assembly, arrangement, and thus, their construction. For such services may be said to denominate " construction " in its enlarged sense, and in some instances include it in the narrower one. The relation of all this to safety of life, health and property is self-evident.

That the practice is well known, long established, and has been long recognized as a *profession,* old editions of standard lexicons testify, e.g., see Webster's New International Dictionary ed. 1910 — *landscape architect,* viz., '' One whose *profession* is to so arrange and modify the effects of natural scenery over a given tract as to produce the best aesthetic effect considering the use to which the tract so treated is to be put * * *. Hence, landscape architecture.'' (Italics supplied.)

The determination of the State Tax Commission should be annulled.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; BREWSTER, J., dissents in opinion in which BLISS, J., concurs.

Determination of the State Tax Commission confirmed, without costs.