[Civ. No. 7352.   Third Dist.   May 21, 1947.]

R. C. JONES et al., Appellants, v. JOSEPH C. ROBERTSON, Respondent.

Howe & Finch and Avery J. Howe for Appellants.

F. H. Bowers for Respondent.

ADAMS, P. J.—Plaintiffs instituted this action in behalf of themselves and others having a common or general interest, as provided by section 382 of the Code of Civil Procedure. It was brought, pursuant to section 1060 of the Code of Civil Procedure, to secure a declaration of the rights of the parties under a zoning ordinance adopted by the Board of Supervisors of Placer County in April, 1940. Said ordinance was adopted as part of a master plan designed eventually to cover the whole county. It provides for a division of areas into districts, which are classified as residence, commercial and industrial. Plaintiffs and defendant are property owners within Zone District Area, Unit 6, as delineated upon the map of Brockway-Carnelian Bay Zone District Area, and their properties lie within a residence district. Plaintiffs alleged that defendant was maintaining a real estate office in his home in said residential district in violation of the ordinance, and that such use would reduce real estate values in said district to plaintiffs' damage.

Under section 5, subdivision 5.1, of the ordinance, uses permitted in such residence districts—insofar as is pertinent here—are:

"(2) Uses *customarily* incidental to and subordinate to residential use *and not* involving the maintenance of a store, shop or *commercial enterprise;* including home occupations

and *professional offices* and studios maintained within dwellings, providing no name plate or sign exceeding three (3) square feet in area shall be displayed in connection therewith.

. . . . . . . . . . . . . . . . . .

"(10)  *Temporary real estate offices* for the sale of lands in the subdivision upon which said office is located during the period when sales of said lands are being actively conducted."  (Italics added.)

Under section 6, subdivision 6.1, uses permitted in commercial districts are enumerated at length, and include a "real estate office."  Defendant, in his answer to plaintiffs' complaint, admits that he is a licensed real estate broker, and that he maintains an office in his residence in a residential district; and the only question presented on this appeal is whether, in so doing, he is violating the provisions of the ordinance aforesaid.

The trial court found that defendant was conducting his real estate office in his home, but found that such "brokerage office is incidental to and subordinate to residential use of said home, as defined by said ordinance."  And as a conclusion of law therefrom it was recited that defendant's real estate office within his residence did not violate any of the provisions of the ordinance, and that plaintiffs were not entitled to any relief.  From the judgment which followed, this appeal was taken.

Plaintiffs' contentions here are:  That the ordinance clearly provides that the maintenance of a general real estate office is a commercial use and prohibited in a residential zone and that the trial court was in error in holding that such use by defendant does not violate any provisions of the ordinance.

Respondent defends by asserting that the ordinance provides an exclusive remedy for its enforcement, which remedy was not pursued by plaintiffs, and that, anyhow, real estate brokerage is a profession and that since defendant was practicing such profession in his home his use was one permitted by the act.

We agree with appellants' contention that the ordinance prohibits the maintenance of a real estate office in a residential district, except a temporary one for the sale of lands in a subdivision upon which said office is located, and then only during the period when sales of said lands are being actively conducted.  It is not contended that defendant's office is such a temporary one as is permitted under

subdivision 10, *supra*. Not only does the ordinance fail to include the operation of a real estate office as a use permitted in a residential zone, but under the rule of *expressio unius est exclusio alterius,* the provision that a temporary real estate office may be maintained for a limited purpose and time as provided by subdivision 10 implies the exclusion of a real estate office for any other purpose or time, since the meaning of the maxim is that the express mention of a thing implies the exclusion of another different thing. (*Gilgert* v. *Stockton Port District,* 7 Cal.2d 384, 387 [60 P.2d 847]; *Martello* v. *Superior Court,* 202 Cal. 400, 406 [261 P. 476]; *Homestead Valley Sanitary District* v. *Donohue,* 27 Cal.App. 2d 548, 550 [81 P.2d 471]; *Brintle* v. *Board of Education,* 43 Cal.App.2d 84, 87 [110 P.2d 440]; *Estate of Pardue,* 22 Cal. App.2d 178, 180 [70 P.2d 678]; *In re Peart,* 5 Cal.App.2d 469, 472 [43 P.2d 334]; *Merchants National Bank* v. *Continental National Bank,* 98 Cal.App. 523, 532 [277 P. 354]; 6 R.C.L. 49; 25 R.C.L. 981-982; 50 Am.Jur. 238-240; 23 Cal. Jur. 740; 10 Cal.Jur. 10-Yr.Supp. 396.) And that real estate offices were intended to be excluded from residential districts is also implied by the provision in section 6, subdivision 6.1, of the ordinance, for the maintenance of such offices in a commercial district.

█ As for respondent's contention that in the carrying on of the real estate brokerage business he is engaged in the practice of a profession, and therefore the maintenance of his office in his home in the residential district is permitted under section 2 of the ordinance, such business is not one generally considered as professional. Respondent argues that an applicant for a real estate broker's license must furnish evidence of good moral character; that he must study and and learn real estate law, contracts, etc., and pass a written examination; that he must pay a fee for a license, and that, after qualifying, he is accountable to the state real estate commission. For these reasons he says that his occupation should be classed as professional.

Similar contentions have been made in other cases, and overruled. In *Lavan* v. *Menaker,* 280 Pa. 591 [124 A. 743, 744], the conducting of a general real estate office was held to be a "business" within the restrictions in a deed.

In *Cummings* v. *Pennsylvania Fire Insurance Co.,* 153 Iowa 579 [134 N.W. 79, Ann.Cas. 1913E 235, 37 L.R.A.N.S. 1169], the court said at page 82 [134 N.W.]: "One who oper-

ates a real estate agency is not engaged in a professional employment. *Pennock* v. *Fuller,* 41 Mich. 153, 2 N.W. 176, 32 Am.Rep. 148, where the court said: 'Professional employment can only relate to some of those occupations universally classed as professions, the general duties and character of which courts must be expected to understand judicially. Real estate agencies are no more professions than any other business agencies.' ''

In *Bond* v. *Cooke,* 237 App.Div. 229 [262 N.Y.S. 199], it was purposed to carry on the business of undertaker from a residence in a residential zone. An ordinance prohibited uses of residences in said zone except that the office or studio of a physician, surgeon, dentist, lawyer, dressmaker, artist or musician, and certain other uses were permitted in such residences. Appellant contended that an undertaker was not a business man, but was as much a professional person as those mentioned. The court said: ''The contention that the undertaker is not in business, but is a professional man, is not in harmony with the views long held by the educated and thoughtful and the great seats of learning, touching the fine arts and the learned professions. *People* v. *Kelly, supra* [(255 N.Y. 396), 175 N.E. 108, 109]. That the undertaker is not a businessman and does not conduct a business, within the meaning of section 20 of the General City Law and the ordinance under consideration, is a contention that cannot be sustained.''

Also in *Building Commissioner of Town of Brookline* v. *McManus,* 263 Mass. 270 [160 N.E. 887], the court held that undertaking is not a profession but a business, and said: ''The fact that before a person can lawfully engage in the business of embalming he is required to submit to examination and be registered does not change business into something else any more than the occupation of others are changed by the requirement that they be licensed.'' To the same effect see *State* v. *Winneshiek Co-Operative Burial Association,* —— Iowa —— [22 N.W.2d 800, 803]; *In re Dawson,* 136 Okla. 113 [277 P. 226].

Also see *Otis* v. *Graves,* 20 N.Y.S.2d 426 (holding that insurance brokerage is a business and not a profession); *People ex rel. Tower* v. *State Tax Commission,* 282 N.Y. 407 [26 N.E.2d 955, 957] (holding that a custom house broker is engaged in business and not a profession); *Recht* v. *Graves,* 257 App.Div. 889 [12 N.Y.S.2d 158] (holding life insurance

agents to be engaged in business and not a profession). In *Geiffert* v. *Mealey*, 267 App.Div. 681 [48 N.Y.S.2d 475, 476], a landscape artist was held to be engaged in business rather than a profession; in *De Vries* v. *Graves*, 292 N.Y. 529 [54 N.E.2d 379], a similar holding was had regarding a "furniture designer"; in *People* v. *Maggi*, 310 Ill. 101 [33 N.E.2d 925], a like determination was made as to beauty operators and barbers; and in *Kort* v. *City of Los Angeles*, 52 Cal.App. 2d 804 [127 P.2d 66], it was held that defendant was properly restrained from carrying on the business of a public accountant in his home in a residential district of the city, there being nothing in the city ordinance allowing such business to be carried on there. Also see *Dvorine* v. *Castelberg*, 170 Md. 661 [185 A. 562, 566]; *Maryland Casualty Co.* v. *Crazy Water Co.* (Tex.Civ.App.), 160 S.W.2d 102, 104, distinguishing business from professions.

As for the trial court's finding that defendant's conduct of a real estate brokerage office in his home is incidental to and subordinate to residential use of said home, as defined in said ordinance, and its conclusion of law and recitation in the judgment "That the defendant's real estate office within his residence is incidental and subordinate to the residential use of said home and does not violate any of the provisions of Placer County Ordinance 108, Series B, and/or acts amendatory thereof," the conclusion stated does not follow from the premise. The ordinance does not provide merely that a use which is incidental and subordinate to the residential use of a home in a given case is permissible in a residential district; such use must be one *customarily* incidental and subordinate to residential use and one not involving a "commercial enterprise." So whether this defendant's use of his premises as a real estate office is incidental to the use of same as a home, or his use of them as a home is incidental and subordinate to his use of same as a real estate office, is immaterial. It is a matter of common knowledge that residences are not *customarily* used as real estate offices though they are sometimes so used. "Custom" is defined in Ballentine's Law Dictionary as "Something which has by its universality and antiquity acquired the force and effect of law, in a particular place or country, in respect to the subject matter to which it relates; general practice, judicially noticed without proof."

In *Fuller Brush Co.* v. *Industrial Commission*, 99 Utah 97 [104 P.2d 201, 203, 129 A.L.R. 511], "customarily" is defined as meaning "usually, habitually, according to the cus-

toms, general practice or usual order of things, regularly.''

There is no evidence that the use of a home as a real estate office is ''customary,'' and, furthermore, under the authorities hereinbefore cited such use involves a ''commercial enterprise'' within the prohibition of the ordinance.

■ Regarding respondent's contention that the ordinance provides an exclusive remedy for its enforcement and that, since under section 14 of same, any use of premises contrary to its provisions constitutes a public nuisance subject to abatement by the county upon order of the board of supervisors, and that anyone who wilfully violates such ordinance shall be guilty of a misdemeanor and subject to prosecution therefor, plaintiffs had no right to bring this action for declaratory relief, even assuming that such contention is pertinent on this appeal, the same section of said ordinance provides that the remedies provided for therein are cumulative and independent. Section 1062 of the Code of Civil Procedure also provides that the remedy provided by way of an action for declaratory relief is cumulative. Innumerable cases might be cited in which zoning ordinances have been tested by means of such actions. Such was the case of *La Franchi* v. *City of Santa Rosa*, 52 P.2d 558, 559, decided by this court (reversed on other grounds in 8 Cal.2d 331 [65 P.2d 1301, 110 A.L.R. 639]). Also see *Andrews* v. *City of Piedmont*, 100 Cal.App. 700 [281 P. 78]; *Monahan* v. *Department of Water & Power*, 48 Cal.App.2d 746, 751 [120 P.2d 730]; *Greenfield* v. *Board of City Planning Commissioners*, 6 Cal.App.2d 515, 518 [45 P.2d 219]; *Hoyt* v. *Board of Civil Service Commissioners*, 21 Cal.2d 399 [132 P.2d 804]; *Wilkins* v. *City of San Bernardino*, 29 Cal.2d 332 [175 P.2d 542].

■ It is stated in 5 California Jurisprudence, Ten-Year Supplement (1944 Rev.) page 118, that the remedy by way of declaratory relief does not affect any other remedy; nor is it affected by the existence of another remedy; and, at page 125, that declaratory relief extends to a determination of questions as to the validity, construction, operation and effect of statutes and ordinances, and that a zoning ordinance is, for example, a proper subject of a declaratory judgment as to validity and construction of provisions. And it is said in Borchard's ''Declaratory Judgments,'' second edition, pages 302-303, that ''it is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be exclusive or extraordinary, but

alternative and optional. It is only where the court believes that *more* effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose, that it is justified in refusing a declaration because of the availability of another remedy.''

Respondent says in his brief that plaintiffs should have resorted to mandamus to compel the enforcement of the ordinance by the proper county authorities; but as to the right of a party to resort to an action for declaratory relief though other remedies may be available, the court said in *Maguire v. Hibernia S. & L. Soc.*, 23 Cal.2d 719, 732 [146 P.2d 673, 151 A.L.R. 1062], that before a court may deny declaratory relief on the ground that other remedies exist, ''it must clearly appear that the asserted alternative remedies are available to the plaintiff and that they are speedy and adequate or as well suited to plaintiff's needs as declaratory relief.'' To the same effect is the opinion in *Columbia Pictures Corp.* v. *De Toth*, 26 Cal.2d 753, 761 [161 P.2d 217, 162 A.L.R. 747].

The judgment is reversed.

Schottky, J. pro tem., and Thompson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 17, 1947. Carter, J., and Schauer, J., voted for a hearing.