RALPH H. SEAMAN *vs.* ZONING BOARD OF APPEALS OF HOLLISTON.

Middlesex.     January 29, 1960. — March 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Zoning. Broker,* Business or profession.

For purposes of zoning classification, the vocation of a real estate broker is a business and not a profession. [489]

The vocation of a real estate broker could not be ruled as a matter of law to be a "customary home occupation" within those words in a zoning by-law. [490]

In a suit in equity by way of appeal from a decision by a town's zoning board of appeals, facts adduced in the Superior Court respecting the conduct of a real estate broker's business at his home did not show error of law in a determination by the board in effect that such business was, in that town, not a "customary home occupation" within those words in its zoning by-law. [490]

BILL IN EQUITY, filed in the Superior Court on March 25, 1959.

The suit was reported by *Rome,* J.

The case was submitted on briefs.

*Curtis B. Dooling,* for the plaintiff.

*Joseph L. Shea & Sidney S. von Loesecke,* for the defendant.

WHITTEMORE, J.   The zoning board of appeals of Holliston in March, 1959, denied the plaintiff's application for a permit to erect at his residence in a residential B district a sign to indicate that he is a "realtor," that is, "a real estate broker who is an active member of a local board having membership in the national association of real estate boards."

The zoning by-law authorizes in a B district the "use of a room or rooms in a dwelling or accessory building for a customary home occupation or practice of a profession, provided there is no external evidence of any business other than permitted signs; . . . [and the] display of not more than two signs pertaining to the permitted use with a total area of not more than twelve square feet."

The board denied the application specifying as grounds, inter alia, that the real estate business is not an accessory use customarily incidental to the use of the premises as a home and that the plaintiff's business is not a profession.

In the proceedings on appeal to the Superior Court (G. L. c. 40A, § 21) the parties filed a statement of agreed facts and the judge reserved and reported the case on that statement and the pleadings.   G. L. c. 214, § 31.

The decision of the board is to be judged on the facts adduced in the Superior Court.   *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 558–559.

The parties have rightly recognized in a stipulation included in the statement of agreed facts that the issues are the two stated above, with which the board dealt, and that "if the vocation . . . is neither a profession nor 'a customary home occupation' . . . no modification of . . . [the board's] decision is required."

For purposes of zoning classification a real estate broker is engaged in business and is not practising a profession. Though the vocation, like many businesses, may have professional aspects, they are not primary.   G. L. c. 112, §§ 87PP, 87RR.   *Jones* v. *Robertson,* 79 Cal. App. 2d 813, 816–818, and cases cited.   Rathkopf, The Law of Zoning

and Planning, c. 23, § 19. See *Building Commr. of Brookline* v. *McManus*, 263 Mass. 270, 273.

The plaintiff shows no right to require the permit under the "customary home occupation" clause. There is no statement of what is customary in Holliston in respect of home occupations. It is stated that the plaintiff's office and only place of business is in one room of the residence, that in newspaper advertisements the plaintiff gives his residence as his place of business, that he has off street parking facilities for his customers on the premises, that in summer there are about twenty-five customers a month, and in winter about eighteen a month, that there are no employees, but the plaintiff has some help from his wife and son. We cannot rule that the conduct of a real estate business is, as a matter of law, a customary home occupation. Nor can we rule that it was error in law for the board to determine, for Holliston, that such a business is not customarily incident to the use of the premises as a home. See *Riverside* v. *Kuhne*, 335 Ill. App. 547, 560 (insurance office); Bassett, Zoning, pp. 100–101 ("The earliest zoning ordinances took communities as they existed and did not try to prevent customary practices that met with no objection from the community"). We intend no intimation as to the validity or invalidity under such a by-law of a determination that, for the particular municipality, a real estate business, as conducted, is a customary home occupation.

The final decree is to adjudge that the decision of the board of appeals is within its jurisdiction and no modification is required.

*So ordered.*