Hampton Municipal Court,
No. 5013.

LAWRENCE C. HACKETT & a.

*v.*

FLOYD I. GALE.

Argued February 6, 1962.

Decided March 22, 1962.

*William W. Treat* (by brief and orally), for the plaintiffs.

*Richard P. Dunfey* and *Shute & Engel* (*Mr. David C. Engel* orally), for the defendant.

LAMPRON, J. The pivotal issue in this case is the interpretation of Article III, *s.* 1 of the zoning ordinance of the town of Hampton. Its pertinent language is the following: "In Residence . . . A districts no building or land shall be used for any purpose except one or more of the following. 1. Single family residence, including other purposes accessory to their use as residences, by the owner or tenant, such as offices for doctors, engineers, architects, lawyers, or others where the number of persons employed on the premises, besides the owner, shall not be more than two."

The first question transferred is whether the above excepted accessory use of a single family residence as an office applies to real estate agents and brokers.

Defendant's brief states that he maintains within his home, in an "A" district "an office for the purpose of carrying on negotiations and conferences with prospective sellers and purchasers of real estate who for one reason or another, may not have been able to consult with him during normal business hours at his principal real estate office which is located in the business district of Hampton." He maintains no employees at the office in his residence.

The defendant has erected and maintained for about two and one half years one sign in front of his residence which does not exceed "six square feet in total area." Art. IV-A (1). According to plaintiffs' brief this sign "contained the name of defendant's employer, a local real estate broker with central offices in the business district, featured in large display letters, while the defendant's name as an 'associate' appeared in small letters at the bottom." The complaint brought against him was for a violation of the zoning ordinance of the town resulting from the erection and maintenance of this sign.

Plaintiffs maintain that the authorized accessory use of residences in an "A" district "such as offices for doctors, engineers, architects, lawyers or others" (Art. III, s. 1) is restricted to the so-called "learned professions" and that real estate brokers do not come within that classification. Defendant contends that the intent of the ordinance, was to permit the owner or tenant of a single family residence in such a district to maintain therein an office for the transaction of his business provided the property retained its primary use as a home.

The solution of the above differences between the parties lies in the interpretation to be given to the word "others" in that section. This in turn depends on the intent of the body responsible for the ordinance as fairly expressed in it. *Manchester* v. *Webster*, 100 N. H. 409, 410. When the words used are susceptible of a double construction, as is the case here, that sense is to be adopted which best harmonizes with the context and the apparent policy and objects of the legislation. *Davis* v. *Company*, 88 N. H. 204, 207. Consequently unless the act as a whole indicates a different purpose, a general word which follows specific words in an enumeration, like that in Art. III, s. 1 of the Hampton ordinance, is usually construed to embrace only objects similar in nature to those enumerated by the preceding specific words. *State* v. *Small*, 99 N. H. 349, 350.

It is a matter of common knowledge that professional persons such as doctors, engineers, architects, lawyers, dentists and musicians very frequently maintain their offices in their residences. *State* v. *Holekamp*, (St. Louis C. A., Mo.) 151 S. W. 2d 685, 689. Zoning ordinances recognizing that fact frequently permit such a professional person to maintain an office in his home as an accessory use in a residence district. *Perron* v. *Concord*, 102 N. H. 32, 34; *McGuire* v. *Purcell*, 7 Ill. App. 2d 407; see *Dumais* v. *Somersworth*, 101 N. H. 111, 113. Real estate brokerage has been held to be a business rather than a profession as are the occupations specifically enumerated in Art. III, s. 1 and therefore not within such a permitted accessory use. *Riverside* v. *Kuhne*, 335 Ill. App. 547; *Jones* v. *Robertson*, 79 Cal. App. 2d 813; *Seaman* v. *Holliston*, 340 Mass. 488, 489.

Real estate brokers must now be licensed and are required to furnish evidence of good repute before obtaining a license which can be revoked or suspended for cause. (Laws 1959, *c.* 222, now RSA ch 331-A (supp); Laws 1961, *c.* 213). Similar requirements

have been held however not to effect a change in their classification as being engaged in a business rather than in a profession. *Jones* v. *Robertson, supra.*

Defendant maintains that the wording "or others where the number of persons employed on the premises, besides the owner, shall not be more than two" which follows the enumerated professions in Art. III, *s.* 1 of the ordinance is superfluous unless it was to broaden the definition of accessory use permitted thereunder. If this view were adopted it would allow as an accessory use in the most restricted residential districts under the ordinance any type of business which can be carried on in a home by not more than two persons besides the owner. This would be contrary to the plain intent of the ordinance. See *Foo* v. *Manchester,* 97 N. H. 346, 350; *Dumais* v. *Somersworth,* 101 N. H. 111, 114; *Perron* v. *Concord,* 102 N. H. 32, 35.

We are of the opinion that it was not intended to permit the defendant to maintain an office in his home as an accessory use of it as a residence. We therefore answer in the negative the first question transferred, whether the accessory uses permitted by Art. III, *s.* 1 include real estate agents and brokers.

The above answer renders unnecessary a consideration of the second transferred question whether "the Restrictions against the erection of Signs in a Residence A and Residence AA District, set forth in Article IV-A, Section I permit a Real Estate Agent or Broker to erect a Sign upon his premises advertising his office."

*Remanded.*

All concurred.