95 N.J. Super. 523 (1967)
231 A.2d 852
JOHN M. CAPMAN T/A CAPMAN REAL ESTATE AND C & K CORPORATION, PLAINTIFFS - APPELLANTS,
v.
LONG BEACH TOWNSHIP, ZONING BOARD OF ADJUSTMENT OF LONG BEACH TOWNSHIP AND BERNARD J. TOOL, JR., BUILDING INSPECTOR AND ZONING OFFICER OF LONG BEACH TOWNSHIP, DEFENDANTS - RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1967.
Decided June 23, 1967.
*524 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Harry D. Ambrose, Jr. argued the cause for appellants (Messrs. Asbell & Ambrose, attorneys).
Mr. Franklin H. Berry, Jr. argued the cause for defendants-respondents Long Beach Township and Bernard J. Tool, Jr. (Messrs. Berry, Whitson & Berry, attorneys).
Mr. James L. Wilson argued the cause for defendant Zoning Board of Adjustment.
*525 The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Plaintiffs appeal from a summary judgment entered by the trial court upholding a ruling of the Board of Adjustment of Long Beach Township. In substance, the board ruled that plaintiff John M. Capman (hereinafter Capman) could not operate a real estate office out of his residence since it was not a "professional office" under the township zoning ordinance.
The basic facts are undisputed. Capman is the owner of, and resides in, a one-family home in a B residence zone in the township. (Actually, legal title to the property is in plaintiff C & K Corporation, 98% of the capital stock of which is owned by Capman.) Under the zoning ordinance the permitted uses in a B residence zone include:
"* * * (c) Professional office as accessory use provided that not more than 20% of total floor areas of any building be used for such an office."
The ordinance defines a "Professional Office" as:
"The office or studio of a physician or surgeon, dentist, artist, lawyer, architect, engineer, surveyor, or like professional person residing on the premises."
Capman seeks to maintain a real estate office in his home. The issue is whether such an office is a "professional office" within the meaning of the ordinance.
The board of adjustment ruled that (1) the professional exception as set forth in the ordinance did not extend to the practice of real estate, whether or not it be regarded as a profession, and (2) the operation of his office, as described by plaintiff and his associate, exceeded any use intended to be granted by the ordinance to a professional person in a residential zone.
In a suit in lieu of prerogative writs challenging the aforesaid ruling, the Superior Court, Law Division, held that the maintenance of a real estate office "does not fit" within the *526 category of professional office as defined in the ordinance. Summary judgment was entered in favor of defendants.
Plaintiff's challenge the status of the resident taxpayer of the township who brought the matter before the board of adjustment on the ground that the taxpayer did not reside within 200 feet of the subject property and was not a "person aggrieved" under the statute and ordinance. However, we agree with the trial court that this contention was not raised in the "in lieu" complaint and is not an issue in the case. We proceed to the meritorious question.
Plaintiffs contend that a real estate office falls within the definition of professional office as set forth in the ordinance, or that at least a question of fact is presented as to whether the scope and type of Capman's business operation is such that it should be considered a professional office under the ordinance.
No question of fact is involved. The issue is the interpretation of the township zoning ordinance. Here the local board held that the "professional office" use provision in its zoning ordinance did not extend to a real estate office. This holding, with which we agree, follows the general rule in other states that a residence may not be used for a real estate office under the professional office provision of a zoning ordinance. 8 McQuillin, Municipal Corporations (1965 rev. vol.), § 25.130, p. 372. Seaman v. Zoning Board of Appeals of Holliston, 340 Mass. 488, 165 N.E.2d 97 (Sup. Jud. Ct. 1960); see 101 C.J.S. Zoning § 177, pp. 931, 934.
Plaintiffs also contend that estoppel may be invoked because of a letter which the building inspector wrote to Capman concerning the use of the premises. However, the residence in question had been constructed prior to the writing of the letter, and under a building permit issued to Capman for a one-family residence. Under the circumstances, no basis for estoppel was presented.
Affirmed.