[Civ. No. 10766. First Appellate District, Division Two.—July 12, 1938.]

HOMESTEAD VALLEY SANITARY DISTRICT (a Municipal Corporation), Appellant, v. M. F. DONOHUE, County Tax Collector, etc., Respondent.

[Civ. No. 10767. First Appellate District, Division Two.—July 12, 1938.]

PHILLIP BARNETT, Appellant, v. CHARLES A. REDDING, County Treasurer, etc., Respondent.

Phillip Barnett and Samuel Vartan for Appellants.

A. E. Bagshaw, District Attorney, for Respondents.

NOURSE, P. J.—The plaintiffs each sought a writ of mandate in the superior court; the causes were consolidated for hearing; both applications were denied. The two appeals of the plaintiffs are, by stipulation, heard upon the same briefs.

The Sanitary District was regularly organized under the Sanitary District Act of 1923. (Act 7105, Deering's Gen. Laws.) It demanded of the county tax collector that he collect special taxes for its benefit in accordance with an assessment list which the governing board of the district prepared. The tax collector refused the demand on the ground that the assessment was not approved by the county board of supervisors pursuant to the provisions of section 3714b of the Political Code.

The plaintiff Barnett was regularly employed as special counsel for the district. He demanded of the county treasurer the payment of a sum for legal services performed for the district, his demand having been approved by the directors of the Sanitary District. This demand was refused upon the same ground—noncompliance with the code section.

The question involved in both appeals is whether this section controls the action of the governing body of the Sanitary District in the matter of levying assessments and disbursing funds for district purposes. The section reads in part:

"(1) The governing body of any special tax or assessment district in a county where a tax levy for such district is not carried upon the regular county or city and county assessment roll, except irrigation, reclamation, water conservation, drainage and levee districts, revenue producing utility districts and those districts that are situated in two or more counties, shall at least sixty days prior to the time the county board of supervisors is required by law to pass upon the general county budget, file with the county board of supervisors of such county an itemized estimate of expenditures and income for the preceding and next ensuing fiscal year.

"(2) *Contents.* The estimate shall be known as the district budget and shall state:

"(a) The probable revenues from sources other than taxation or assessment that will accrue during the next ensuing fiscal year;

"(b) All expenditures required by such district for the next ensuing fiscal year. . . .

"(5) *Consideration.* The board of supervisors of the county shall consider such budget at the time and in the manner and form prescribed by section 3714 of the Political Code. . . .

"(7) *Assessment limited by budget.* No tax or assessment for district purposes whether or not such taxes or assessments appear on the regular county assessment roll, shall exceed the amount approved in the budget by the county board of supervisors."

Because the district was formed under the special Sanitary District Act of 1923, and because the limitations on the taxing power are found in the general provisions of the code section enacted in 1933, the appellants argue that special provisions of the act should control the general provisions of the code. This rule of statutory construction "is not a rule of positive law, but of construction, and it must yield where there is a manifest legislative intention that the general act shall be of universal application, notwithstanding the prior special or local act". (25 R. C. L., p. 928.)

Here there is no room for judicial construction because the positive terms of the code section demonstrate that it was the intention of the legislature to apply the budgetary scheme to all local tax assessment districts except those which are expressly exempted from the operation of the section. Construction under such circumstances would be judicial legislation. By expressly exempting seven of such local districts by name, the legislature must be deemed to have intended to include all such districts as were not designated.

Appellants argued that we should construe the code section as applicable only to departments, subdivisions, and districts of a county, and not to a self-governing district such as this. But the legislature declared that it should apply to "any special tax or assessment district in a county" except the seven classes of districts expressly exempted. There is no ambiguity here and no room for judicial construction resting merely on a judicial view of the expediency of the legislation.

On these two points we find no purpose in discussing the authorities cited by appellants on the general rules of statutory construction as they apply only to circumstances where the statutes involved were ambiguous or their application to other legislation was uncertain. Here there is no ambiguity or uncertainty, and no doubt of the legislative intent.

The judgments are affirmed.

Sturtevant, J., and Spence, J., concurred.