[Civ. No. 53627. First Dist., Div. Five. June 6, 1984.]

RICHARD BURKS et al., Plaintiffs and Appellants, v.
MONTEREY REGIONAL WATER POLLUTION CONTROL AGENCY,
Defendant and Respondent.

COUNSEL

Robert W. Tuttle for Plaintiffs and Appellants.

Robert R. Wellington, Wellington & Rosenthal, David W. Alden, Joann M. Swanson and Orrick, Herrington & Sutcliffe for Defendant and·Respondent.

OPINION

KING, J.—Richard Burks and Dinna Silacci appeal from a judgment of dismissal. They challenge the trial court's determination that the Monterey Regional Water Pollution Control Agency (the Agency) was authorized to issue revenue bonds at a maximum interest rate of 10 percent per year instead of 8 percent. We affirm the judgment.

In June 1979 the Agency adopted a resolution authorizing the issuance of nonvoted revenue bonds in the amount of $25 million, at a rate of interest

not exceeding 8 percent, to finance construction of sewerage improvements. The issuance was based on the Revenue Bond Law of 1941 (Gov. Code, § 54300 et seq.), a section of which provides that the maximum rate of interest on bonds issued under that law "shall not exceed 8 percent a year." (Gov. Code, § 54382, subd. (d).)

At the time of the 1979 resolution, Government Code section 53531 provided, "Any provision of law specifying the maximum interest rate on bonds to the contrary notwithstanding, bonds may bear interest at a coupon rate or rates as determined by the legislative body in its discretion but not to exceed 8 percent per year . . . ." (Stats. 1974, ch. 721, § 1.) Effective February 29, 1980, section 53531 was amended to specify a maximum interest rate of 10 percent. (Stats. 1980, ch. 19, § 1.)[1] In April 1981 the Agency adopted a resolution providing for the issuance and sale of $18 million of the bonds authorized by the 1979 resolution, at a maximum interest rate of 10 percent per year rather than 8 percent.

On June 1, 1981, Burks and Silacci filed a complaint challenging the validity of the 1981 bond issuance. The complaint stated seven causes of action, one of which was that issuance at a maximum interest rate of 10 percent rather than 8 percent violated the Revenue Bond Law of 1941. The other allegations of the complaint are not pertinent to this appeal.

The Agency filed a demurrer and a motion for summary judgment. The court sustained the demurrer and granted the motion. In a minute order the court stated, "The legislature appeared to set uniform rates in 1980 when it enacted Government Code section 53531 and the Agency's reliance on the statute is appropriate." The court rendered a judgment of dismissal.

■ Appellants' only contention on appeal is that the specific 8 percent interest rate ceiling imposed by the Revenue Bond Law of 1941 in Government Code section 54382, subdivision (d), prevailed over the general 10 percent interest rate ceiling set forth in Government Code section 53531 in 1980, pursuant to the rule of statutory construction that "when a general and [a] particular provision are inconsistent, the latter is paramount to the former." (Code Civ. Proc., § 1859.)

■ Appellants misapprehend the proper application of this rule. It " 'is not a rule of positive law, but of construction, and it must yield where there

---

[1]Government Code section 53531 was subsequently amended in 1981 and 1983 to raise the maximum interest rate to 12 percent until January 1, 1986, when the maximum rate returns to 10 percent. (Stats. 1981, ch. 1098, § 3; Stats. 1983, ch. 293, §§ 1.5, 2.)

is a manifest legislative intention that the general act shall be of universal application, notwithstanding the prior special or local act.' " (*Homestead V. Sanitary Dist.* v. *Donohue* (1938) 27 Cal.App.2d 548, 550 [81 P.2d 471].)

 Here there is a manifest legislative intention that the 10 percent interest rate ceiling set forth in Government Code section 53531 should prevail over all conflicting provisions for bond interest rate ceilings. The 1980 bill amending Government Code section 53531 stated a rationale for immediate effectiveness of the amendment that indicates legislative intent to raise the maximum interest rate on *all* local governmental agency bonds to preserve the marketability of such bonds in light of current interest rates: "Existing law requires, with certain exceptions, that bonds of local governmental agencies bear interest at not to exceed 8 percent per year . . . . Municipal bond market conditions make it impossible to sell such bonds within such limits." (Stats. 1980, ch. 19, § 10.)

Further, section 53531 itself expressly imposed the 10 percent ceiling with "Any provision of law specifying the maximum interest rate on bonds to the contrary notwithstanding . . . ." The construction urged by appellants would render this language meaningless and is thus to be avoided. (*City of Santa Clara* v. *Von Raesfeld* (1970) 3 Cal.3d 239, 248 [90 Cal.Rptr. 8, 474 P.2d 976].)

Given the evidence of legislative intent to raise the maximum interest rate on all local governmental agency bonds to preserve their marketability, we conclude that the eight percent ceiling set forth in the Revenue Bond Law of 1941 was amended by implication in 1980 by the amendment of Government Code section 53531. (See *Div. of Labor Law Enforcement* v. *Moroney* (1946) 28 Cal.2d 344, 346 [170 P.2d 3] [general statute will repeal former special statute by implication only if it is manifest that the Legislature contemplated and intended a repeal].)

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.